### ROBERTS v. STATE, USE LOGAN COUNTY.

### Opinion delivered January 18, 1915.

1. COUNTY FUNDS—DEPOSITORY.—Act No. 196, Acts 1909, providing for the selection of a county depository for public funds in Logan County, and providing for the liability of the sureties on the bond of said depository bank, is in force, and sureties on the bond of such bank are liable to the county for public funds deposited in the said bank.

2. COUNTY FUNDS—DEPOSITORY—LIABILITY OF STOCKHOLDERS OF DEPOSITORY BANK.—Act 113, Acts 1913, providing for the individual liability of stockholders of banks, does not repeal section 4, Act 196, Acts 1909, which makes all stockholders of a bank liable for all public funds that such bank shall fail to pay over on demand to the person entitled to receive the same.

Appeal from Logan Circuit Court, Southern District; *Jeptha H. Evans,* Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit by the prosecuting attorney, in the name of the State, for the use of Logan County, to recover from the Logan County Bank, as principal, and the sureties on its bond and certain stockholders a judgment for $17,099.59, for funds alleged to have been deposited by the county treasurer with the bank as the depository of the public funds. The complaint alleged that the bank was selected as the depository of the public funds under the statute; that it executed and filed its bond, as required by law, in the sum of $35,000.00; that the treasurer of Logan County had from time to time deposited the county funds, had drawn checks thereon,

leaving a balance in the hands of the bank in the sum of $17,099.59, on May 25, 1914, which the bank had failed and refused to pay upon checks of the treasurer or otherwise, and that on May 25, 1914, the State Bank Commissioner took charge of the bank on account of its insolvent condition. The prayer was for judgment in the sum of $35,000, to be applied to the satisfaction of the amount alleged to be due, and the balance be held for the benefit of those entitled thereto.

John M. Davis, the State Bank Commissioner, was made a party, and he answered, admitting that the bank had been taken over by him and that the affairs of the bank were then in process of liquidation under the laws governing State banks.

J. L. Roberts, one of the defendants, answered, and among other things, denied that the deposit for which recovery was sought was according to law, and alleged that section 36 of the act of 1913 repeals the act making stockholders of a bank liable for public funds.

The court sustained a demurrer to the answer of Roberts and found that the bank was duly selected as the depository of all the public funds of Logan County, and that the bond was duly executed as the law requires; that the appellants were stockholders and liable for all the public funds due the county treasurer under section 4 of Act No. 196, approved May 1, 1909, and it rendered judgment against the appellants, as stockholders, and bondsmen, for the amount sued for, with interest, and ordered that all dividends from liquidation of the assets of the Logan County Bank paid by the State Bank Commissioner to the county treasurer upon the county deposit account be entered as a credit upon the judgment.

The appellants duly prosecute this appeal.

*Carmichael, Brooks, Powers & Rector,* for appellant.

1. The purpose of the deposit was for the purpose of getting *interest* and not for safe-keeping. Act 57, p. 176, 1913, Kirby's Dig., § 1990. The statute as to stockholders is not only penal but in derogation of the com-

mon law and must be strictly construed. 59 Ark. 356; 82 *Id.* 247. *Safe-keeping* means a special and not a general deposit. 7 Words & Phr., 6283-4. It is in the nature of bailment, and the money must be paid over on demand. 62 Ala. 340; 34 Am. Rep. 24; 97 Ark. 374; 31 L. R. A. 851.

2. Any material alteration of a stockholder's liability or obligation without his consent, discharges the stockholder from liability. 9 Wheat. (U. S.) 702; 61 Atl. 36; 65 Ark. 550; 93 *Id.* 472; 98 N. E. 886; 181 Mo. 300. *Sondgrass* v. *Schader,* 40 A. L. R. 430; Brandt on Guar. & Sur., p. 376; 103 Ark. 483; 35 *Id.* 468.

3. The special act repeals section 1990 of Kirby's Digest. While repeals by implication are not favored, if the latter act covers the entire subject-matter and deals with the whole subject it will be held to be a repeal of the former act, or if there is a repugnancy between the provisions and the latter covers the whole subject, plainly showing the latter was intended as a substitute, it repeals the former act. 92 Ark. 600; 100 *Id.* 504; 101 *Id.* 238; 80 *Id.* 411; 82 *Id.* 302; 105 *Id.* 77, and many others.

4. Section 36 of the act of 1913, repeals section 1990 of Kirby's Digest, 14 Wis. 700; 80 Am. Dec. 797; 97 Ark. 374; *Boaz* v. *Coates,* 41 Ark. L. R. 23; Suth. on Stat. Const., § 140.

*Anthony Hall,* for appellee.

The special act does not repeal section 1990, Kirby's Digest. The liability of stockholders is based on section 4 of Act 196, Acts 1909, p. 577, and remains in full force. 97 Ark. 374. There is no repugnancy between the two acts. 93 Ark. 621; 88 Ark. 234. The judgment is correct.

WOOD, J., (after stating the facts). I. Act 196, approved May 1, 1909, provides for a depository of the public funds of Logan County. Sections 1 and 3 of that act were amended by Act No. 57, approved February 15, 1913, providing for the creation of separate depositories in the northern and southern districts of Logan County, and by changing the time for receiving bids from the

July term of the county court, as provided in the act of 1909, to the January term of the court. The latter part of section 2 of Act No. 57, Acts of 1913, provides that the county court, ''shall select from among said bids as the depositories of all the public funds of the county and districts, including road and school funds, that bidder one in each district, offering the highest rate of interest per annum, on said funds of each district. * * * Said interest shall be computed upon the daily balances to the credit of said county with said depositories and the same shall be payable to the county treasurer quarterly and shall be immediately placed to the credit of the common school fund and county general purpose fund of said county and district in equal amounts.'' Section 3 repeals all laws in conflict.

But Act No. 196 of the Acts of 1909, except sections 1 and 3, providing for a depository of public funds in Logan County, remains unchanged, and is still in force.

The first part of section 4 of the act of 1909 provides for the making of a bond by the depository for the use and benefit of Logan County. The latter part of section 4 is as follows:

''All stockholders of any such bank, banker or trust company shall be liable for all public funds that such bank, banker or trust company shall fail to pay over on demand to the person entitled to receive the same.''

Section 6 provides that the bond ''shall be conditioned for the due and proper performance of all duties and obligations devolving by law upon said depository and for the prompt payment upon presentation of all checks drawn upon said depository by the county treasurer of said county, so long as said funds shall be in said depository to the credit of said county and that all funds of said county shall be faithfully kept by said depository and accounted for according to law; and for any breach of said bond, the county or any other person injured may maintain an action in the name of the county to the use of said county or person thereby injured.''

(1) The liability of appellants as sureties on the bond and as stockholders arises under the above provisions of Act 196, approved May 1, 1909. The circuit court was correct in holding that the appellants were liable under the provisions of that act. It is therefore unnecessary for us to consider whether Act 57, approved February 15, 1913, repealed section 1990 of Kirby's Digest, for the liability of appellants in this case is not based upon that section.

II. Section 4 of Special Act No. 196 of the Acts of 1909 makes all stockholders of any such bank, banker or trust company "liable for all public funds that such bank, banker or trust company shall fail to pay over on demand to the person entitled to receive the same." Section 36 of Act 113, being "An Act for the organization and control of banks," approved March 3, 1913, provides: "The stockholders of every bank doing business in this State shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such bank to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such stock."

Does the above section 36 of the banking act repeal section 4 of Special Act No. 196 of the Acts of 1909?

(2) Act 113 of the Acts of 1913 is a general banking law. It does not expressly repeal the provisions of section 4 of Special Act 196 of the Acts of 1909. "A general statute will not be held to repeal a prior special statute where there is no express repeal and no invincible repugnancy between the two statutes." *State* v. *Southwestern Land & Timber Co.,* 93 Ark. 621, and cases cited. See, also, *Hampton* v. *Hickey,* 88 Ark. 324. In the latter case we held, that "a later statute which extends and enlarges a right before existing impliedly repeals the law by which the former was created or given."

There is no invincible repugnancy between the special depository act for Logan County and the general banking act. The general banking law was not intended to cover the subject-matter of the special depository act

for Logan County. There are no provisions in the bank-
ing law showing that it was intended as a substitute for
this special act. Section 36 of the banking law did not
enlarge and extend the liability of stockholders for pub-
lic funds deposited under the special depository law. On
the contrary, the liability of the stockholders under the
special depository act is greater than under the general
banking law, for the special act makes the stockholders
liable for the public funds without regard to the amount
of stock held by each stockholder; whereas the general
banking law makes them liable ratably to the extent of
the amount of their stock at its par value, plus the amount
invested in such stock. Each of the stockholders, under
the special depository law, is liable in every case for the
entire amount of the public funds deposited, whereas, un-
der the general banking law each stockholder is liable
ratably and only to the extent of his stock at par value,
and, in addition, to the amount invested therein.

In some cases, under the general banking law, an
individual stockholder might not be liable for the entire
amount of public funds on deposit with the bank named as
special depository. But, under the special depository law,
each individual stockholder would be individually liable
for the whole amount of public funds on deposit.

In section 36 of the general banking law the Legis-
lature did not have in mind the subject-matter of the lia-
bility of stockholders under special acts creating deposi-
tories of public funds. The liability of stockholders un-
der the special act creating the depositories for Logan
County was fixed as a liability against all the stockholders
for the public funds, making each liable for the amount
of such funds. In section 36 of the general banking law
the Legislature were intending to declare and apportion
the general liability of all banks ratably among the stock-
holders thereof. They did not have in mind the fixing
of primary liabilities against the stockholders in banks
that were made depositories of public funds.

It follows that the judgment of the circuit court is
correct and it is therefore affirmed.