WALLACE v. DAVIS, BANK COMMISSIONER.

Opinion delivered March 20, 1916.

PUBLIC FUNDS—DEPOSIT IN BANK—RIGHTS OF DEPOSITOR AGAINST BANK.—
    Where public funds are legally placed in a bank as a general deposit, the relation of debtor and creditor exists, and the deposit does not become a trust fund, and if the bank fails, a claim for

public money has no preference over the claims of general credit-
ors of the bank, but stands on the same footing with them.

Appeal from Cleburne Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*J. M. Brice,* for appellant.

1.    This was a trust fund and the claim of the county was entitled to a preference.    Plaintiff having settled with the county was subrogated to its rights as a preferred creditor.    41 Ark. Law Rep. 351; 97 Ark. 374; 116 *Id.* 410, 472; 114 *Id.* 344; 55 Pac. 858; 59 *Id.* 929; 80 Miss. 755; 8 A. & M. E. Ann. Cas. 114; Kirby's Digest, § § 1990, 1, 2, 3.

The funds were deposited for "safe keeping" and was a special deposit or trust fund. Cases *supra.* 16. L. R. A. 918; 95 Pac. 771; 9 Am. St. 481; 55 Pac. 858.

*W. L. Thompson,* for appellee.

The deposit was made in the name of J. R. Wallace and not as collector.    There is no statute prohibiting a collector from making a deposit in any bank he chooses, nor any statute giving him a preference over other depositors, even if it be money collected as taxes.    121 Ark. 4; 97 Ark. 374, 382.    It was general deposit although made for safe keeping.    He was entitled to no preference over other credittors.    83 Ark. 486.

HART, J.    Appellant instituted this action in the chancery court against appellee.    The complaint alleges substantially the following facts:

The plaintiff, J. R. Wallace was duly elected sheriff and ex-officio collector of Cleburne County, Arkansas. During his term of office he collected taxes to the amount of $1,387.65 and deposited the same in the bank of Higden, an incorporated bank with its place of business in Cleburne County.    The officials of the bank at the time they received the deposit knew that the moneys were public funds arising from the collection of taxes and that they were deposited by the collector as such.

The bank became insolvent and was placed in the hands of the bank commissioner pursuant to our statutes.

The bank commissioner refused to pay over to the plaintiff said public funds.

The county court called on the plaintiff for a settlement and the plaintiff paid into the treasury out of his own funds said sum of $1,387.65. He asked for judgment against the defendants and that his claim and judgment be declared a preferred claim over the general creditors of the insolvent bank and that he should be subrogated to the rights of the county. The court found that the claim of plaintiff for the sum of $1,387.65 was correct but that he was not entitled to preference over general creditors out of the assets of the insolvent bank. Judgment was accordingly rendered in favor of the plaintiff for the amount of his claim. It was allowed as a general claim and the bank commissioner was directed and ordered to pay the claim pro rata out of the assets of the bank in his hands. The plaintiff has appealed.

Section 1990 of Kirby's Digest among other things provides that collectors of taxes may deposit the public funds in their custody in incorporated banks for safe keeping; and that the said officials and the sureties on their official bonds, the bank and the stockholders of the bank shall be liable for the funds that such bank, on demand, shall fail to pay to the person entitled to receive the same.

It is conceded that the plaintiff as collector of Cleburne County deposited the public funds in an incorporated bank of that county; that the bank became insolvent and failed to pay the same over to him on demand.

It is contended by counsel for the plaintiff that the circumstances under which the deposit was made in the bank by plaintiff were such as to create the relation of trustee and *cestui que trust* rather than that of debtor and creditor. Cases are cited by counsel in support of their contention but we do not deem it necessary to cite them; for we have already decided adversely to their contention in cases which we shall presently cite. The theory upon which the decisions referred to by counsel are based, is that the public funds are held by the insolvent bank

charged with a trust and on that account the county is entitled to a preference over the claims of general creditors unless the identity of the deposit has been destroyed and its proceeds can no longer be traced.

From the reasoning of these cases it follows that where public funds are legally placed in a bank as a general deposit, the relation of debtor and creditor exists and the deposit does not become a trust fund, and in case of the failure of the bank a claim for public money has no preference over the claims of the general creditors of the bank, but stands on the same footing with them. In the case of *Warren* v. *Nix*, 97 Ark. 374, we held that under section 1990 of Kirby's Digest, that tax collectors are authorized to make a general deposit of the public funds in their hands in an incorporated bank. The writer concurred in the judgment in that case because he believed that public funds deposited under section 1990 did not become a debt of the bank but that they were a trust fund and on the bank's becoming insolvent became no part of the bank's estate. From the opinion of the court, however, the deposit of the money by the tax collector created the relation of debtor and creditor and the deposit became a general one and did not become a trust fund.

The tax collector in the instant case, under the statute was authorized to make a general deposit of the public funds in his hands in the bank and the funds then became a part of the estate of the bank to be distributed to its creditors according to law. In the case of *Talley* v. *State*, 121 Ark. 4, it was held that a county has no preferential right to the assets of a county depository bank by reason of the fact that its funds had been deposited there. The reason given is that no preference was created by the statute authorizing the deposit and that there was no general statute giving the county a preference over general creditors. It is true the court in that decision was construing a depository statute but the reasoning of the court applies with equal force to the

construction of section 1990 of Kirby's Digest now under consideration.

It follows that the decision of the chancellor refusing to allow the claim of the plaintiff as a preferred claim was correct and the decree will be affirmed.