## JOHNSON v. WALLACE.

### Opinion delivered March 20, 1916.

1. PUBLIC FUNDS—DEPOSIT BY COLLECTOR IN BANK—LIABILITY OF STOCK HOLDERS.—Kirby's Digest, § 1990, which gives a collector authority to deposit funds collected by him in a bank, the stockholders of which shall be liable for all funds that the bank, on demand, shall fail to pay the person entitled to receive them, was not repealed by Act 116 of the Acts of 1913, page 504 which created a county depository for a certain county.

2. PUBLIC FUNDS—DEPOSIT IN BANK BY COLLECTOR—SUBROGATION.—Where a collector deposited public funds in a bank, and upon the failure of the same, settled with the county out of his own funds, he will be subrogated to the rights of the county.

Appeal from Cleburne Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Brundidge & Neelly,* for appellant.

1. The demurrer to the complaint should have been sustained. This suit was based upon Kirby's Digest, § 1990. There was no liability to the county and hence no subrogation. 82 Ark. 407.

2. No demand was made for payment. 97 Ark. 374; 59 *Id.* 356.

3. Kirby's Digest, § 1990 was repealed by Act No. 116, Acts 1913. The whole subject was taken up and the entire ground of the subject matter covered. 105 Ark. 79; 88 *Id.* 324.

*J. M. Brice,* for appellee.

1. The stockholders were liable under Kirby's Digest, and it was not repealed by Act No. 116, Acts 1913. There is no conflict and no repugnancy. The depository

act does not affect or repeal section. 1990. The word sheriff or collector does not appear in the act at all. Appellant's contention was not tenable. That was the sole duty of the defense. Questions conceded, waived or abandoned at the trial will not be decided here. 78 Ark. 1; 82 *Id.* 260; 98 *Id.* 500.

'2. Appellee was entitled to subrogation. 114 Ark. 344; 120 Ark. 583.

3. No demand was necessary; the bank was insolvent. 121 Ark. 4.

HART, J. J. R. Wallace as collector of taxes for Cleburne County, instituted this action against E. F. Johnson and others to recover the sum of $1,387.65, the amount of taxes collected by him and deposited in a bank of which Johnson was a stockholder.

This is a companion case to that of *J. R. Wallace, Collector, against John M. Davis, Bank Commissioner* this day decided, 123 Ark. 70. At the trial of the case it was admitted by the defendant that the plaintiff was collector of taxes for Cleburne County; that he, as such collector had deposited taxes collected by him to the amount $1,387.65 in a bank in which the defendant was a stockholder; that the officers of the bank accepted the deposit of the funds with full knowledge that they were public funds; that the bank subsequently became insolvent and was placed in the hands of the bank commissioner to be wound up as an insolvent bank.

The action was based on section 1990 of Kirby's Digest, which gave the collector authority to deposit the funds in the bank, and which made the stockholders liable for all funds that the bank on demand failed to pay to the person entitled to receive the same.

The defense of Johnson was that section 1990 of Kirby's Digest was repealed by Act 116 of the Acts of 1913 creating a county depository of Cleburne County, Arkansas. The court found against the contention of the defendant and rendered a decree in favor of the plaintiff. The opinion of the chancellor was correct. The act creating a county depository for Cleburne County was approv-

ed March 3, 1913. See Acts 1913, page 504. Under the terms of that act the collector of taxes had no authority whatever to deposit public funds in a bank. By the terms of that act the county treasurer alone was authorized to deposit public funds in a bank. The tax collector alone was authorized to deposit public funds in an incorporated bank by section 1990 of Kirby's Digest.

The Special Act creating a depository for Cleburne County does not by express terms repeal section 1990 of Kirby's Digest. There is no repugnancy between the two statutes. There are no provisions in the special depository act relating to the authority of the collector of the taxes to deposit the public funds in a bank. It confers such authority solely on the county treasurer. The depository act was not intended to cover the subject of section 1990 of Kirby's Digest. As we have already stated there is no repugnancy between the two statutes and we hold that the former is not repealed by the latter. Under section 1990, the stockholders of the bank are liable for public funds deposited in the bank that such bank on demand shall fail to pay to the person entitled to receive the same. See *Roberts* v. *State use of Logan Co.,* 116 Ark. 410. The bank was admittedly insolvent and on that account a demand upon it would have served no useful purpose. In such cases a demand for payment of public funds which had been deposited in a bank under statutes authorizing such deposits is unnecessary. *Talley* v. *State,* 121 Ark. 4. The collector was required to settle with the county court and paid the amount sued for into the county treasury out of his own funds. Therefore he was entitled to be subrogated to the rights of the county. *Bank of Midland* v. *Harris,* 114 Ark. 344; *Steed* v. *Henry, County Treasurer,* 120 Ark. 583.

The decree will be affirmed.