STATE USE PRAIRIE COUNTY v. McKEE.

Opinion delivered March 30, 1925.

DEPOSITARIES—PREFERENCE OF COUNTY.—Where, by order of the county court, funds of the county were deposited in an insolvent bank without sufficient surety bond, as required by Acts 1915, No. 45, a suit by the county to establish a preference against the

bank's funds because of wrongful deposit and intermingling of public funds is a collateral attack on the judgment of the county court and not maintainable.

Appeal from Prairie Chancery Court, Southern District; *John E. Martineau,* Chancellor; affirmed.

*W. J. Waggoner, Chas. A. Walls, Trimble & Trimble,* and *Gregory & Holtzendorff,* for appellant.

*Gray & Morris, Miller & Pearce,* and *Will G. Akers,* for appellee.

HUMPHREYS, J.   This suit was brought by appellants against appellees in the Southern District of Prairie County for the purpose of having the claim of Prairie County in the total sum of $43,036.89, including interest, against the New Bank of Hazen, declared prior and paramount to all other claims against said bank and a first lien upon the assets thereof, and for the further purpose of restraining Charles McKee, Bank Commissioner, and J. W. Jarrett, in charge of the assets of said bank, from distributing the funds thereof among the creditors until the debt and interest due from the bank to said county has been fully paid.   The gist of the allegations in the bill is that the county funds were wrongfully deposited in said bank by the treasurer of the county, and the denial of these allegations formed the issue between the parties in the trial of the cause.   The cause was submitted to the court upon the pleadings and testimony, which resulted in a dismissal of the bill for the want of equity, from which decree of dismissal an appeal has been duly prosecuted to this court.

The suit is a collateral attack upon the judgment of the county court of Prairie County, rendered at the April, 1923, term thereof, approving and designating the New Bank of Hazen as the depository for the public funds of Prairie County, pursuant to authority conferred upon said court by act No. 45 of the Acts of the General Assembly of 1915.   The act contains a provision that the county court shall select a bank, a banker or trust company in said county, as the county depository, who shall offer, on sealed competitive bids, the highest rate of

interest on daily balances for the use of the funds. The act also contains a provision that the successful bidder shall execute a bond to protect the county against loss, with the privilege of furnishing private bondsmen if signed by five solvent and qualified sureties, owning real estate and personal property in the State, of value as great as the amount of the bond above their liabilities and exemptions. The record reflects that neither of these provisions was complied with in the manner designated in the act. The language of the sealed bid did not meet with the requirements of the statute, and the bond was only signed by three sureties, and they were not solvent. In fact, the record shows that the New Bank of Hazen itself was insolvent at the time the bid was made and the bond was filed. It also shows that the president of the bank was the county judge and that the officials of the bank were the sureties on the bond.

The treasurer of the county, however, who is one of the appellants herein, deposited the funds of the county in the bank pursuant to the order of the county judge, which order was regular on its face, in good faith, not knowing of the insolvency of the bank and the bondsmen.

Appellant contends for a reversal of the decree under the rule of law that, where public funds, wrongfully deposited by the custodian in a bank, are intermingled with the other funds of the bank, and the bank thereafter fails, the whole of the assets of the insolvent bank become trust funds out of which the public funds should be paid as a preferred claim. While the rule contended for is correct, and was recognized in the case of *Talley v. State*, 121 Ark. 4, it has no application on collateral attack of a judgment regular on its face. In the instant case appellants are confronted with an order of the county court, valid on its face and binding upon the treasurer of the county and parties concerned, until set aside by direct attack. No effort was made to do this, and hence the case is in the same situation as if the bid and bond had conformed in all particulars to the

requirements of the act authorizing the county court to select a depository for the county funds. It was ruled in the Talley case, *supra,* that, where the public funds had been rightly deposited, pursuant to the statute authorizing it, which conferred no lien on the assets of the bank, the county is not exempt from the statute forbidding insolvent corporations from giving preference to creditors.

For the reason given, appellants are not entitled to a preference, and the court committed no error in dismissing their bill for the want of equity.

As we understand, the parties have agreed that judgment may be entered here in favor of appellants for the total amount of their claim as general creditors, with direction that they be permitted to participate in the distribution of the assets as such. It is so ordered.

The decree is affirmed.