SCHOOL DISTRICTS NOS. 28 AND 29 *v.* MASSIE.

Opinion delivered February 1, 1926.

1. DEPOSITARIES—ADDITIONAL BOND—ESTOPPEL.—Where the county court required a depositary bank to execute a second bond, as provided by Acts 1915, p. 126, § 6, and the bond was accepted by the county court, the sureties were thereafter estopped to dispute the authority under which it was accepted.

2. DEPOSITARIES—ADDITIONAL BOND—DEFENSE.—Where the county court required a depositary bank to execute a new bond as provided by Acts 1915, p. 126, § 6, and such bond was accepted by the county court, it is no defense, in an action on the bond against the sureties of the new bond, that the sureties on the prior bond were the original stockholders of the bank, and that the sureties on the new bond were stockholders in the bank who were fraudulently induced to buy their stock, and that the county judge was one of the original stockholders, as the county was not responsible for such fraud.

3. DEPOSITARIES—LIABILITY ON BOND.—Sureties upon the bond of a depositary under Acts 1915, p. 126, are liable thereon, though at the time it was executed the bank was insolvent.

4. ELECTION OF REMEDIES—EFFECT.—Where the county brought suit against defendants in their capacity as stockholders in an insolvent depositary bank, and as sureties upon such depositary's bond, and the trial court ordered the county to elect in which capacity it would sue the defendants, whereupon it elected to sue them as stockholders, and dismissed without prejudice the suit against them as sureties, such election will not debar interested school districts from subsequently suing upon the bond.

Appeal from Prairie Chancery Court, Southern District; *John E. Martineau,* Chancellor; reversed.

*Bogle & Sharp,* for appellant.

*Gregory & Holtzendorff, Trimble & Trimble* and *Chas. A. Walls,* for appellee.

McCULLOCH, C. J. The New Bank of Hazen, an incorporated banking institution doing business at the town of Hazen, in Prairie County, was, on April 23, 1923, selected and designated by the county court of Prairie County as the depository of public funds, pursuant to a special act in force in that county. Acts 1915, p. 126. A bond was executed pursuant to the statute, and was signed by I. T. Sims, J. F. Sims and J. M. Zike as sureties, and this bond was approved by the county court.

On December 26, 1923, there was a sale of the shares of stock in said bank by the then owners to certain other persons, including appellee, and on that day a new depository bond was executed by the bank and signed by appellees. This bond was immediately filed, and on January 11, 1924, duly approved by the county court.

It is shown by the evidence in the present litigation that the bank was in fact insolvent on December 26, 1923, and that this state of insolvency was later discovered by the Bank Commissioner, and the assets of the bank were taken over by the Commissioner and the bank closed on January 19, 1924. Among other public funds deposited in the bank and not withdrawn were the funds of School District No. 28 and School District No. 29 of Prairie County, and this is an action instituted by those two districts against appellees as the sureties on the last bond executed by the bank to recover the amount of the funds held on deposit.

Appellees filed an answer setting forth several defenses, hereinafter discussed. Appellants demurred to the answer, and after the court overruled it they elected to stand upon the ruling of the court; they appealed from the judgment of the court dismissing the action, and all of the pleadings and the facts stated therein are to be considered in determining the sufficiency of the answer to which appellants demurred.

It is undenied that the bond was executed by appellees, and that it was filed with the county court and approved, but liability is denied on several grounds. In

the first place, it is contended that there was no authority under the statute for receiving more than one bond, and that the execution of the last bond was void.   The statute in question provides for the selection of a depository annually and the giving of a bond, and, of course, this bond runs for the full annual period during which the depository serves; but § 9 of the statute provides that the county court may, at any time it "deems it desirable, or necessary, require a new and additional bond to be filed by said depository."   There is certainly nothing in the statute that limits the number of bonds which may be received, but, on the other hand, the statute authorizes the county court to require a new or additional bond. Having executed a bond in due form as provided by statute, and the same being accepted by the county court, the sureties are now estopped to dispute the authority upon which it was accepted.   *Talley* v. *State,* 121 Ark. 4.   There is no question involved in the present case about the liability of the sureties on the first bond, hence we have nothing to decide in regard to the liability of those sureties.   We simply hold that the fact that this was a new and additional bond, given during the annual period, does not render it invalid so as to afford grounds upon which the sureties may escape liability.   It is further contended that the sureties on this bond are not liable, for the reason that they were the purchasers of the stock of the bank from the former owners, and that they were induced to make the purchase by fraud and misrepresentation of the former stockholders.   In other words, the contention is that the alleged fraud in the sale of the stock of the bank affords a defense against liability on the bond which was executed in consequence of the sale of the stock.   This argument is unsound in assuming that there is any connection between the change of ownership in the stock and the execution of the new bond.   The sale of the stock was a transaction between individuals, whereas the execution of the bond was a transaction between the bank and the county.   The fact

that the sureties on the first bond were the original stockholders of the bank, and that the sureties on the new bond are the stockholders who were fraudulently induced to buy the stock, is not important in testing the validity of the new bond. The county is not responsible for the alleged false misrepresentations which induced the purchase of the shares of stock in the bank. *J. R. Watkins Medical Co.* v. *Montgomery,* 140 Ark. 486. This is so, even though the county judge who was presiding over the county court at the time of the acceptance and approval of the last bond was one of the original stockholders of the bank, who, it is alleged, were guilty of false and fraudulent representations in inducing the purchase of the stock. Our conclusion is that this defense is unsound.

Again, it is contended that, because the bank was actually insolvent at the date of the execution of the new bond and there were not sufficient funds actually on hand to meet the liabilities of the bank, the new bond did not cover the defalcation. The facts which we glean from the proceedings in the case, and which we must assume to be true, were that the bank was in fact insolvent on the date of the execution of the bond, but that there was no refusal to pay over on demand—no unpaid checks on the public funds—and the bank continued to do business until it was closed by the Bank Commissioner on January 19, 1924. The deposit of the public funds was a general deposit and not special. *Talley* v. *State, supra.* By virtue of the general deposit the relation of debtor and creditor was created between the bank and the depositor of the public funds, and there was no preference under the statute for the public funds. *State use Prairie County* v. *McKee,* 168 Ark. 441. There was no defalcation until the bank ceased doing business and passed under the control of the Bank Commissioner, hence the execution of the bond created liability for the defalcation which subsequently occurred. The fact that the bank at the time was insolvent, and did not have sufficient funds

to meet drafts drawn upon the public funds, if any had been drawn, is not important in determining the liability of the sureties.

Finally, it is insisted that the school districts are bound by an election, made in a former action, to sue the stockholders of the bank as such instead of the sureties on the bond, and that the order of the court requiring the election constituted an adjudication against the districts of the right to sue on the bond. The facts upon which this contention is based are as follows: There was an action instituted in the circuit court of Prairie County by the State of Arkansas, for the use of the county, against both the old and the new stockholders of the bank to hold them liable for all the public funds, including the school funds. In a separate paragraph liability was asserted against the appellees as sureties on the bond now in suit, and, as before stated, these sureties were also stockholders under their purchase of the shares of stock from the former stockholders. On motion of the defendants to require the plaintiff to make an election, the court made and entered the following order:

"It is therefore considered, ordered and adjudged by the court that said motion be, and the same is, hereby sustained by the court. And on the same day comes the plaintiff, by its attorneys, J. G., C. B. and Cooper Thweatt, and W. J. Waggoner, and in open court elect to rely on each defendant as stockholder, and the plaintiff having elected to rely on each defendant as stockholder as party defendants, the court doth order said cause of action dismissed in so far as it attempts to recover judgment upon the depository bond sued on wherein J. E. Massie *et al* were sureties, and which bond was filed in county court on January 11, 1924."

The circuit court decided that the stockholders were liable for the public funds deposited, but this court held that there was no liability by reason of the fact that there had been a repeal of that portion of the statute

which imposed liability upon the stockholders, and the judgment was reversed for that reason.

If the stockholders, as such, had been liable under the statute, the remedy against them was not inconsistent with the liability of the sureties on the bond. There would, under that state of the law, have been contemporaneous remedies not inconsistent with each other; hence there were no grounds for requiring an election. The effect of the court's order was to hold that the two rights of action, one against the stockholders and the other against the bondsmen, could not be joined together in one action. The plaintiffs in that action submitted to the order of the court and dismissed the action. Whether or not the order of the court was correct is not important, and appellants are not bound by the election, for it was only an election to withdraw from that action and pursue the asserted remedy against the stockholders. There was no adjudication of the merits of the action by this order of the court, for the dismissal was, in effect, one entered by plaintiffs themselves, and was without prejudice to the maintenance of a separate action.

Our conclusion upon the whole case is that there was no defense stated in the answer, and that the demurrer should have been sustained.

The judgment is reversed, and the cause remanded with directions to sustain the demurrer to the answer, and for further proceedings not inconsistent with this opinion.