RAINWATER *v*. DAVIS.

Opinion delivered January 10, 1927.

BANKS AND BANKING—INSOLVENCY—PREFERRED CLAIMS.—Under Crawford & Moses' Dig., § 2832, as amended by Acts 1923, p. 526, § 8, *held* that where funds of the State were deposited in an incorporated bank by the county collector, the relationship of debtor and creditor existed between the bank and the collector, and the collector had no preferred claim on the bank's subsequent insolvency.

Appeal from Franklin Chancery Court, Ozark District; *J. V. Bourland,* Chancellor; reversed.

*Hill & Fitzhugh,* for appellant.

*J. P. Clayton* and *Evans & Evans,* for appellee.

HUMPHREYS, J.    This is an appeal by the State Bank Commissioner, Loid Rainwater, from a decree of the chancery court of Franklin County, Ozark District, allowing the claim of S. J. Davis, collector of taxes and other public revenues of Franklin County, to the amount of $13,587.03 as a preferential claim against the assets of the People's Bank of Ozark, Arkansas, which became insolvent and passed into the hands of said Commissioner. The amount allowed by the trial court to said collector as a preferred claim had been collected for licenses for automobiles due the State of Arkansas for the year 1926,

and had been deposited in said bank in his name as collector of said county.

The trial court allowed the claim as a preference, under his construction of § 2832 of Crawford & Moses' Digest, as modified and amended by § 8 of act 627 of the Acts of 1923. Section 2832, Crawford & Moses' Digest, is as follows:

"It shall be unlawful for any officer of this State, or of any county, township, city or incorporated town in this State, or any deputy, clerk or other person employed by any such officer, having the custody or possession of any public funds, by virtue of his office or employment, to use any of such funds in any manner whatsoever for his own purpose or benefit, or to loan any of such funds to any person or corporation whomsoever or whatsoever, or to permit any person or corporation whomsoever or whatsoever to use any of such funds, or to pay or deliver any such funds to any person or corporation, knowing that he is not entitled to receive it, or for any such officer to willfully fail or to omit to pay any such funds to his successor in office at the expiration of his term of office; but collectors of taxes, county treasurers and treasurers of cities and incorporated towns may deposit the public funds in their custody in incorporated banks for safe-keeping; and the said officers and the sureties on their official bonds, the bank and the stockholders of the bank shall be liable for all funds that such bank on demand shall fail to pay to the person entitled to receive the same."

The amendment of 1923 to said section omitted the liability of stockholders for public funds deposited in incorporated banks, except in so far as such funds are protected by the double liability of stockholders in § 36 of the Banking Act of 1913, Acts 1913, page 462, which is as follows:

"The stockholders of every bank doing business in this State shall be held individually responsible equally and ratably, and not one for another, for all contracts, debts and engagements of such bank, to the extent of the

amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock.''

This court construed § 2832, Crawford & Moses' Digest, before it was amended by § 8 of act 627, Acts of 1923, in the case of *Warren* v. *Nix,* 97 Ark. 374, 135 S. W. 896, to mean that collectors of taxes and certain other officers named therein could make a general deposit of public funds in an incorporated bank. It was specifically decided in that case that authority to deposit public funds for ''safekeeping'' in an incorporated bank only did not restrict such deposits to special deposits. The interpretation placed upon § 2832 of Crawford & Moses' Digest in the case of *Warren* v. *Nix, supra,* was reaffirmed in the case of *Wallace* v. *Davis,* 123 Ark. 70, 184 S. W. 834. The language of said section was not changed one whit by the amendment thereto in 1923, so the amendment, or modification, was, in effect, an adoption by the Legislature of the construction given said section in the cases of *Warren* v. *Nix* and *Wallace* v. *Davis, supra.* As stated above, the only effect of the amendment of 1923 to § 2832 of Crawford & Moses' Digest was to relieve the stockholders of an incorporated bank from liability for deposits of public funds made as general deposits, except on their general liability of an additional 100 per cent. assessment, if the bank in which they owned stock should become insolvent.

In the instant case the collector of taxes deposited public funds in the incorporated bank as a general deposit, thereby creating the relationship of debtor and creditor between himself and the bank. The trial court erred in preferring his claim over other nonpreferred claims.

The decree is therefore reversed, and the cause is remanded with instructions to allow the claim as a common one.