SCHOOL DISTRICT OF MARION *v.* TAYLOR.

Opinion delivered May 6, 1929.

464

*S. V. Neely,* for appellant.

*Mann & Harrelson,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellant contends for a reversal of the decree on the ground that when public funds are wrongfully deposited in a bank and intermingled with the other funds of the bank and the bank becomes insolvent, the whole of the

assets becomes a fund out of which the public fund should be paid as a preferred claim.

We cannot agree with counsel in this contention. The Crittenden County Bank & Trust Company issued a time certificate of deposit to the school directors of the Special School District of Marion for $100,000, bearing interest at three per cent. The bank became insolvent, and its assets were taken charge of and wound up by the State Bank Commissioner. The assets were sold by the Bank Commissioner under the approval of the chancery court to the Crittenden County Bank, which was organized for that purpose. This bank in turn became insolvent, and its affairs were wound up by the State Bank Commissioner. The Bank of Crittenden County was organized for the purpose of purchasing its assets and assuming its liabilities. We have copied in our statement of facts so much of the agreement as relates to the issue raised by this appeal. The agreement in plain terms only makes the Bank of Crittenden County liable for so much of the claim of the school district as shall not be paid by assessments on the stockholders of the bank, and it is liable under the agreement to pay the claim of the school district only as that of a general creditor of the bank. The agreement expressly states that the Bank of Crittenden County will pay on demand so much of the deposit liabilities of the Crittenden County Bank, including $100,000 to the School District of Marion, as are not paid by the application thereto of collections realized upon the assessment against the stockholders of the Crittenden County Bank. This agreement is to pay on demand, and it does not make any difference that a certificate of deposit was issued by the bank in favor of the school district, due three years after date. This certificate did not create the liability of the bank. It was merely issued to identify the claim of the school district which it had assumed. The fact that the certificate recited that it was due three years after date did not affect the liability of the bank. Its liability was fixed by the agreement of purchase and sale.

In *Warren* v. *Nix*, 97 Ark. 374, 135 S. W. 896, the court expressly held that the county treasurer was authorized to make a general deposit of public funds in his custody in an incorporated bank. The effect of this was that the relation of depositor and creditor existed, and the deposit did not become a trust fund. The court held that in case of the failure of the bank, the claim for public money stands on the same footing with the claims of general creditors and has no preference over them. The writer concurred in the judgment in that case because he thought the public funds deposited under the statute became a trust fund and that, on the bank's becoming insolvent, this became no part of its estate.

This interpretation of the opinion was reaffirmed in *Wallace* v. *Davis*, 123 Ark. 70, 184 S. W. 834.

If the bank had a right to receive the deposit of the school money in the present case as a general deposit, and in case of the insolvency of the bank the school district would not have a preferred claim over general creditors, there is no good reason why the rule should be changed because the bank agreed to pay interest on the certificate of deposit. In this connection it may be stated that the bank did pay interest, and the school directors collected it from the first two banks and applied the sums so collected to the ordinary expenses of the district. Therefore we are of the opinion that, by the terms of the purchase and sale, the bank only agreed to become liable to the school district as a general creditor for the amount owed by the bank whose assets it purchased and whose liabilities it assumed.

Counsel for appellant, however, places his reliance on the cases of *Talley* v. *State*, 121 Ark. 4, 180 S. W. 330, and *State use Prairie County* v. *McKee*, 168 Ark. 441, 270 S. W. 513. In the first of these cases, the court never specifically passed on this question. It only said that, if the funds had been wrongfully placed in the bank, the principle that the State, as a sovereign, might claim that the public funds deposited in the bank wrongfully

became a trust fund and thus gave the State a preference. In the latter case it was contended that public funds wrongfully deposited in a bank and intermingled with the other funds of the bank, upon the insolvency of the bank became trust funds out of which the public funds should be paid as a preferred claim. The court said that the rule contended for was · correct, but that it had no application under the facts in the case under consideration. Thus, it will be seen that this case is no authority for the contention of counsel for appellant. The only reason for holding that a claim for public money was a preference over the claims of general creditors is that when it is wrongfully deposited in a bank it becomes a trust fund.

The rule in any case proceeds upon the theory that the true owner has the right to his own property. So where trust property has been wrongfully converted by the trustee and constitutes, although in a changed form, a part of the assets of an estate, it is equitable that priority of lien should be adjudged in favor of the trust estate for the value of the trust property. But, before such priority of lien should be adjudged in favor of the trust estate, the trust fund must be identified. In such cases it is not necessary to point out the precise thing into which the trust fund has been changed or the precise time when the conversion took place, but it is necessary that the trust fund should be fixed and identified in some form or other.

This rule has been followed in the case of public funds. *Hill* v. *Miles,* 83 Ark. 486, 104 S. W. 198. In that case the court held that the mere fact that an insolvent bank owed one for trust fund does not entitle such creditor to a preference, but to obtain which he must show that the receiver or person having charge of the assets of the insolvent bank has in his hands some of the trust funds or property purchased by such funds or into which such funds have been changed or invested. That suit was a proceeding in equity by a county treasurer against

.the receiver of an insolvent bank to recover certain funds belonging to the county which had been deposited by the treasurer in the bank before its failure, and to obtain possession of certain school warrants held by the receiver. There was a finding and decree against the treasurer, and the decree was affirmed on appeal. The reason was that there was no identification of the fund in the bank at the time of the failure with that deposited by the treasurer in the beginning, and no proof to show that the school warrants claimed by the treasurer had been purchased by the bank with the funds deposited in the bank by the county treasurer.

Hence it does not make any difference that, if the fund originally deposited in the Crittenden County Bank & Trust Company should be considered a trust fund, for these funds were intermingled with the other funds of the bank and cannot be traced into any of the assets of the Crittenden County Bank & Trust Company or of the Crittenden County Bank which were purchased and taken charge of by the Bank of Crittenden County. No funds of the school district were taken charge of by the Bank of Crittenden County. The certificate of deposit issued to the school district was simply for the purpose of identifying the claim of the school district and showing the amount thereof. No funds which were originally deposited by the school district in the Crittenden County Bank & Trust Company can be traced into the hands of the Bank of Crittenden County either in their original or in a substituted form. Of course, these funds in their changed form may have contributed to the assets which ultimately came into the hands of the Bank of Crittenden County and which constitute the residue of its estate, but the same thing might be said of any other general deposit which was on hand in the Crittenden County Bank & Trust Company at the time it failed, or in the Crittenden County Bank when it became insolvent.

Therefore, we are of the opinion that the decision of the chancery court was correct, and the decree of the chancellor will be affirmed.

SMITH, J., not participating.