TAYLOR *v.* STREET IMPROVEMENT DISTRICT No. 343.

Opinion delivered March 30, 1931.

*Sam Rorex* and *Nat R. Hughes,* for appellant.

*S. L. White, Wallace Townsend, L. P. Biggs, L. C. Auten* and *Horace Chamberlin,* for appellee.

KIRBY, J., (after stating the facts). Appellant urges that the chancellor erred in decreeing the deposits of the moneys of the districts in the failed bank special deposits or trust funds within the meaning of § 1 of act 107 of 1927, and entitled to priority of payment over general creditors, as such. The law designates all creditors of a bank, of which the commissioner has taken charge, "classifiable" either as "secured creditors," "prior creditors" or "general creditors," and expressly provides:

" * * * (4) The owner of a special deposit expressly made as such in said bank, evidenced by a writing signed by said bank at the time thereof, and which it was not permitted to use in the course of its regular business, (5) the beneficiary of an express trust, as distinguished from a constructive trust, a resulting trust or a trust *ex maleficio* of which the said bank was the trustee, and which was evidenced by a writing signed by said bank at the time thereof. * * * All creditors not in this section hereinabove classed as secured or prior creditors of said bank, including the State of Arkansas and any of its subdivisions, shall be general creditors thereof." A special deposit under the law must be expressly made as such in the bank and evidenced by a writing signed by the bank at the time it is made and which the bank is not permitted to use in the course of its regular business. In *Covey* v. *Cannon,* 104 Ark. 550, 149 S. W. 514, the court, after saying the moneys placed on deposit in the bank in the usual way would have been a general deposit and established the relation of debtor and creditor between the bank and the depositors, said: "If it was placed in the bank for safekeeping, and not to be checked

out by the depositor, or under an agreement that the bank should act as bailee or agent and deliver the money to some other persons under certain conditions or apply it to a special purpose, it would have been a special deposit and the bank or agent or bailee with no right, to use it and mingle it with its own funds.'' See also *Morgan* v. *State*, 162 Ark. 34, 257 S. W. 364; and *Warren* v. *Nix*, 97 Ark. 374, 135 S. W. 896. The Legislature appears to have restricted the definition of a special deposit in providing for their preferential payment to such only as are made expressly and evidenced by a writing signed by the bank at the time of the making thereof, showing such deposit is not permitted to be used by the bank in the regular course of its business.

There is no contention here that there was any written agreement between the bank expressly making the taxes collected by the improvement districts and deposited therein ''special deposits'' within the meaning of the law, or showing that they were such and the bank was not permitted to use the money in the course of its regular business. It is true the bank was designated in the pledges as the trustee therein and made a certificate of identification of each bond as one of a certain series as described in the pledge, but it is expressly provided in the pledge or mortgage: ''That the said trustee shall be responsible only for wilful misconduct in the execution of its trust,'' and, ''the recitals of facts contained in the said bonds or in this instrument are statements of the said district and shall not be considered as made by the trustee,'' the pledge or mortgage being signed only by the improvement district. The deposit of the funds of the improvement districts, taxes collected on benefits assessed, although they were trust funds, so far as the particular official collecting and depositing them is concerned, and known by the bank to be such, did not become special deposits in the absence of the written agreement by the bank making them such at the time of their deposit, and the deposit was a general one under the law, the owner or creditor standing upon the same footing

as the other general creditors entitled to no preference or priority of payment. *Warren* v. *Nix,* 97 Ark. 374, 135 S. W. 896; *Rainwater* v. *Davis,* 172 Ark. 538, 289 S. W. 471; *Talley* v. *State,* 121 Ark. 4, 180 S. W. 330; *State, use Prairie County* v. *McKee,* 168 Ark. 441, 270 S. W. 513; *School Districts* v. *Massie,* 170 Ark. 222, 279 S. W. 993; *Paul* v. *Draper,* 158 Mo. 197, 59 S. W. 77; *People* v. *Home State Bank,* 338 Ill. 179, 170 N. E. 205; *Officer* v. *Officer,* 120 Ia. 389, 94 N. W. 947.

The State itself has been held not to be entitled to a preferential claim over other creditors for its deposit made in a bank that afterwards became insolvent, the common-law rule of preference of the sovereign over the subject not being applicable, and she and her political subdivisions are placed in the class of general creditors by the act. *Maryland Casualty Co.* v. *Rainwater,* 173 Ark. 103, 291 S. W. 1003, 51 A. L. R. 1332. As confirmatory of the above as a correct construction of the statute, it may be said that the Legislature at the same session enacted act 182, approved March 22, 1927, requiring all commissioners, treasurers and other officials of improvement districts having in charge the moneys and funds of such districts, before depositing them in any bank, to require of such bank or depository a surety bond conditioned for the apt, full and complete payment of all such funds so deposited, together with the interest thereon and prescribed a penalty for failure to do so. The improvement districts could have protected their funds by making "special deposits" thereof under the first act or requiring bonds made for repayment thereof under said act 182 of 1927, but did not do so.

It follows that the chancellor erred in holding that the funds deposited in the failed bank were "special deposits" or trust funds entitled to priority or preferential payment over the claims of the general creditors, and the decree must accordingly be reversed and the cause remanded with directions to enter a decree in favor of the plaintiffs for the amount of their claims to be paid *pro rata* with the claims of the other general creditors. It is so ordered.