## TAYLOR v. WHALEY.

Opinion delivered April 6, 1931.

S. M. Casey, J. Paul Ward and Shields M. Goodwin, for appellant.

Coleman & Reeder and W. K. Ruddell, for appellee.

W. S. Atkins and Lemley & Lemley, and Carrigan & Monroe, amici curiae.

HUMPHREYS, J. Appellees instituted this suit against the Citizens' Bank & Trust Company of Batesville as the real party defendant, and the North Arkansas Bank of Batesville and the Home Accident Insurance Company of Little Rock as nominal parties defendant, to recover from said Citizens' Bank & Trust Company $28,906.18, alleging that said sum was funds belonging to Independence County and held by said bank under an unlawful and fraudulent agreement between the two banks, whereby, at the biennial letting of the county funds in conformity to the county depository laws by the county court, they conspired together to submit only one bid and obtain the use of the public funds at a reduced rate of interest on daily balances in the name of the North Arkansas Bank and then divide the funds. It also al-

leged that the North Arkansas Bank and its bondsmen, the Home Accident Insurance Company, had become insolvent, but that the Arkansas Bank & Trust Company, by virtue of said unlawful conspiracy, had in its possession said sum belonging to said county and its political subdivisions, for which amount appellees prayed judgment against said bank.

The Citizens' Bank & Trust Company filed a separate answer admitting that it had $28,906.18 deposited in the name of the North Arkansas Bank, the designated county depository, but denying that it received or held same by virtue of an unlawful agreement between it and the North Arkansas Bank to stifle or freeze competitive bidding at the biennial letting of the county funds in conformity to county depository laws, and, in order to protect itself, paid said amount into the court registry for proper disbursement under order of the court.

Appellant herein, Bank Commissioner in charge of the assets of the defunct North Arkansas Bank, filed an intervention, by permission of the court, denying the alleged conspiracy of the two banks to obtain the use of the county money at a reduced rate of interest by chilling the bidding at the letting and denying appellees' claim to the preference, even though such conspiracy existed.

The case was submitted to the court upon the pleadings and testimony adduced by the respective parties, which resulted in a finding and decree against appellant, from which is this appeal.

The trial court found that the funds in question had been wrongfully and unlawfully let to the North Arkansas Bank through a conspiracy between the two banks in bidding for said funds and by it wrongfully and unlawfully left in the Citizens' Bank & Trust Company, and, based upon said finding, adjudged that the funds never became assets of the North Arkansas Bank. This adjudication was contrary to the rule announced by this court in the case of *Talley* v. *State*, 121 Ark. 4, 180 S. W. 330, and reiterated in the cases of *School District* v. *Massie*, 170 Ark. 222, 279 S. W. 993, and *Rainwater* v. *Davis*,

172 Ark. 538, 289 S. W. 471, to the effect that a deposit of public funds in an incorporated bank constitutes a general deposit as well as the relationship of debtor and creditor between the bank and the beneficial depositor, but that, in case such funds are acquired by the bank unlawfully and wrongfully, the beneficial depositor would be entitled to recover same in preference to general creditors of the bank. This rule of preference, however, was abrogated by act 107 of the Acts of the General Assembly of 1927, providing for the distribution of the entire assets of an insolvent State bank, in which act all claimants are classified either as secured, prior, or general creditors. The act provides that the beneficiary of an express trust in writing, signed by the bank, as distinguished from a constructive trust, a resulting trust, or a trust *ex maleficio*, shall have preference of trust funds over general creditors. The act also contains the following provision:

"All creditors not in this section hereinbefore classed as secured or prior creditors of said bank, including the State of Arkansas and any of its subdivisions, shall be general creditors thereof."

The plain letter of the statute, therefore, precludes the State and its subdivisions from claiming any of the assets of a defunct bank as a trust fund except when they are beneficiaries of an express trust evidenced by writing and signed by the bank.

Under our construction of act 107 of the Acts of the General Assembly of 1927, it is unnecessary for us to decide in the instant case whether the funds in question were lawfully or unlawfully deposited in the North Arkansas Bank and by it lawfully or unlawfully deposited in the Citizens' Bank & Trust Company. The county and its subdivisions do not claim said funds by virtue of a written express trust signed by the bank.

For the reasons indicated, the decree is reversed, and the cause remanded with directions to adjudge the funds to appellant.

MEHAFFY, J., dissents.