State v. Sewell.

## STATE v. SEWELL.

1.  CRIMINAL PRACTICE: *Indictment for detention at ferry.*
    The statute (*Sec. 3330, Mansf. Dig.,*) authorizing one detained at a ferry to
    prosecute the ferryman for the detention, before a justice of the peace, creates
    a public offense, for which the ferryman may be prosecuted in the circuit court,
    by indictment, without prosecution by the party detained, as well as at his in-
    stance before a justice of the peace.

APPEAL from *Logan* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*Dan W. Jones*, Attorney General, for the State.

The indictment charged a misdemeanor in the language of the statute. *Mansf. Dig., 3330.* This section *permits* one aggrieved to go before a justice, but does, and could, not make that the only course. The circuit court could not be deprived of jurisdiction. *State v. Devers, 34 Ark., 189; McLure v. State, 37 Ark., 427.*

The statute was made for the benefit of the public—not for the gain of the individual. Putting in motion must not be dependent upon the fancy or caprice of a single person, but the public prosecutor should be as free to exercise his discretion in this kind of a case as in any other misdemeanor. The state granted the franchise, but the right to regulate its usage cannot be construed from it by implication. Express terms would be necessary. Its control is not curtailed by the statute, but is extended to the injured individual.

The demurrer should have been overruled.

*U. M. & G. B. Rose* for Appellee.

The act was passed in 1873, and without any reference to the provisions of our present Constitution. It was passed under the Constitution of 1868, which left substantially the entire matter of the jurisdiction and power of courts to the legislature.

The statute does not declare that the acts mentioned shall constitute misdemeanors on the ferryman's part. It does not authorize their punishment in the name or by the authority of the state. It does not direct that the prosecution shall be carried on by any public officer. It simply provides means by which any person aggrieved may secure the punishment of the offender. It creates a right analogous to the appeal for murder, and the other criminal appeals of the common law. It gives no right to the state, but only to the person injured.

The language of the Constitution is plain, admitting of no construction ; but, if any construction is to be put upon it, being a penal statute it must be construed strictly and in favor of the accused.

In reading the criminal code it will be found that in every case where a public offense is intended to be created, it is so stated in unmistakable language, such as " shall be deemed guilty of a felony," "shall be deemed guilty of a misdemeanor," and the like.

Here no language of the kind is used. The naked right is given to the person detained at the ferry to have the ferryman fined. No public offense, to be prosecuted by the state, is created. To construe the statute otherwise would be to do violence to its terms in order to create a criminal liability, which is never admissible.

Again, conceding that we are in error in this position, and that a misdemeanor is created by the act, it is still clear that

except in the grave cases provided for by *Sec. 8, Art. II, of the Constitution*, and so long as the constitutional powers of the courts and the guaranties of the bill of rights are not interfered with, the legislature has full power to regulate the procedure in criminal cases, and to say by whom and at whose instance offenses shall be prosecuted. It may give the right to prosecute the offender to the prosecuting attorney, to the party aggrieved, or to all the citizens.

In this case the power has been exercised, and the prosecution has been confided by the legislature solely to the person injured. If he forgives the offense, no one else can demand its punishment.

The statute creates a new offense, and prescribes the mode of its punishment. The remedy is, therefore, exclusive. *Baxter v. Brooks, 29 Ark., 174.*

COCKRILL, C. J. The appellee was indicted under the following statute:

"Any person detained at any public ferry by reason of such ferryman not having sufficient boats or other crafts, and hands to work the same, or by neglecting his duty in any way, may make application to some justice of the peace, in the township where the ferry is located, for a warrant of arrest; and said justice is hereby required to issue the same, and impose such fine, on such ferryman, not exceeding twenty-five dollars, as to such justice may seem just and equitable." *Mansf. Digest, Sec. 3330.*

A general demurrer to the indictment was sustained, and the state appealed. It is conceded that the indictment follows the statute in making the charge against the appellee, but it is contended the act does not create a public offense which may be prosecuted by indictment. The statute, in force when the

act quoted was enacted, defines a public offense as "any act or omission for which the law has prescribed a punishment." *Mansf. Dig., Sec. 1491:*

The state, in granting the ferry franchise, may impose such terms and conditions upon the right to enjoy it as are necessary to its proper regulation. One of the duties imposed by the law upon the ferryman is that he shall provide boats and hands sufficient to serve the public with convenience and dispatch. A fine of not more than twenty-five dollars is visited upon him for an omission of this duty, and it was for this the appellee was indicted. There is nothing in the statute to indicate that this fine is exceptional in any particular. The general statutes governing the disposition of fines imposed for other acts or omissions, and defining penalties for non-payment, are applicable to the fine here imposed. It was plainly intended as a punishment, and the act creates a public offense within the statutory definition. As the offense is not punishable as a felony, it is a misdemeanor. *Mansf. Dig., 1492, 1494.*

When the act in question was passed the circuit courts had jurisdiction of misdemeanors, concurrent with justices of the peace. This jurisdiction was conferred in terms by the statute. *Gantt's Dig., Sec. ——.*

It may be a correct general rule, contended for by the learned counsel for the appellee, that when the statute creates a new offense and prescribes the mode of its punishment, the common law remedy cannot be pursued—the statutory pro-cedure being exclusive. It is, however, only a rule of the proper construction of statutes, and proceeds upon the theory that it was the legislative intent—that having pointed out one remedy it is presumed the intention was to exclude another. To arrive at the legislative will is the end of all interpretation, and the fact that the statute relates to the mode of procedure does not make an exception of it. *Bish. St. Cr., Sec. 253.*

Can the intention be gathered from this act, to deprive the circuit court of the jurisdiction, conferred by the same authority that enacted it, to try the class of cases to which the newly made offense belongs?

The statute is not to be construed as though it stood alone on the subject. " A statute is a fresh drop added to the yielding mass of the prior law, to be mingled by interpretation with it." *Bishop St. Cr., Sec. 113 b.* In construing any statute we are to place beside it the other relevant statutes, and give it a meaning and effect derived from the combined whole. Where the harmony of the law requires, one statute may be construed as lengthening out another. *Bish., sup., Secs. 123, 128.* This is especially true of the law of procedure—each act is passed in reference to the general law upon the subject; the whole system is construed together, and the statute combines and operates with the entire law, of which it becomes a part. In the words of Mr. Bishop, "The rule of strict interpretation does not prevent our calling in the aid of other rules, and giving each its appropriate scope, yet so as not to overturn this one. For example, penal statutes are not to be so construed as to work an absurdity, or defeat their purpose or the process of the court instituted for their enforcement." *St. Cr., Sec. 200.*

A strict and literal construction of the act before us would lead to the conclusion that a warrant should issue without affidavit therefor; that the justice should inflict the fine on complaint made, without the right of trial by jury, or indeed any trial at all, and without the right of appeal. We cannot presume the legislature intended this absurdity. Nor is any new procedure pointed out by the act. The ordinary proceeding before justices of the peace in prosecutions for misdemeanors is recognized.

A limitation is placed on the right to proceed, however, before a justice of the peace. The act prescribes that it must be at the instance of the party aggrieved. This was, doubtless,

in analogy to a former statute, of this state, in regard to trespass, which required a prosecution by the party injured. The design was to prevent frivolous prosecutions. *State v. Brown, 10 Ark., 104; State v. Stanford, 20 Ib., 145.*

As the the legislature has not manifested the intention in this matter to deprive the circuit court of its jurisdiction, and as it has placed no limitation on the mode of procedure there, it must take the ordinary course of prosecutions for the punishment of misdemeanors. It was, perhaps, thought that there was not the same necessity for a limitatiom in the proceedings before a grand jury, as before a justice of the peace. But whatever may have been the motive, the legislature has not made it necessary for the the aggrieved party to set the prosecution in motion before the grand jury.

The act was continued in force by the Constitution of 1874, and under that instrument it could not take from the circuit court the power to try the offense. *State v. Devers, 34 Ark., 188.*

As the indictment follows the statute, the demurrer should have been overruled, and the judgment must be reversed, and the cause remanded with instructions to overrule it.