BENTON *v.* WILLIS.

Opinion delivered July 29, 1905.

1. STATUTES—REPEALS BY IMPLICATION.—Repeals of statutes by implication are not favored; there must be repugnance between the two statutes, or it must be clear that the whole subject-matter of the prior law is covered by the last enactment. (Page 446.)

2. MUNICIPAL CORPORATIONS—IMPOUNDING OF STOCK.—The act of May 23, 1901, relating to the impounding of stock in cities and towns, does not cover the entire subject-matter of the act of April 20, 1895, nor impliedly repeal it. (Page 447.)

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

E. S. Willis brought replevin against the incorporated town of Benton, alleging that he was the owner of eleven hogs which had been impounded by defendant.

The case was submitted on the following agreed statement of facts, towit: That plaintiff is the owner of the eleven hogs sued for; that plaintiff resides outside the incorporated town of Benton; that the hogs were taken up by the poundmaster while running at large within the incorporated town of Benton, and by him put in the town pound; that plaintiff within twenty-four hours after they were impounded made demand for said hogs, but did not pay the impounding charges nor offer to pay them; that defendant refused to deliver up said hogs, and that this occurred on the 28th day of March, 1903.

The defendant introduced the following ordinance in evidence as constituting the law of the incorporated town of Benton, towit:

### "RESTRAINING STOCK FROM RUNNING AT LARGE.

"Sec. 140. The running at large anywhere within the limits of this town after October 1, 1902, of any horse, ass, jennet, mule, colt, sheep, goat or hog is expressly prohibited, and the owner or the possessor of any such animal permitted to violate this section shall pay all costs incurred by reason of every such violation. Ordinance Sept. 8, 1902.

"Sec. 141. The town marshal or any town stock impounders having authority so to do shall promptly and strictly enforce the provisions of all the sections under this heading by immediately taking up and impounding in the town pound, by feeding and watering from day to day, and if unclaimed by finally advertising and selling at public auction within the hour for judicial sales at the front gate of town pound, for cash in hand to the highest bidder, all animals so impounded and unclaimed. *Ib.*

"Sec. 142. On the same day wherein any animal may be impounded, the taker up of every such animal shall post up written or printed advertisements at the following places in this town: One at the south side of the court square and one at mayor's office and one near the front gate of the town pound where the impounded animals are to be kept, which posted notices shall each describe the ear and flesh marks of each animal advertised with such clearness as to inform the public of its identity, shall state kind of animal, the day, manner and terms of sale, and shall each be so posted for a period of not less than ten days before the day fixed for its sale. A copy of every such

notice shall be filed with the recorder to be kept for the inspection of the public. *Ib.*

"Sec. 143. The charges for enforcing this ordinance, which shall be paid into the town treasury in all cases, are hereby fixed as follows: For every animal other than hogs, sheep and goats impounded, fifty cents for the taking up and fifty cents per day for the feeding and watering of each, and for each and every other animal contemplated in this ordinance the charges shall be twenty-five cents for the taking up and fifteen cents per day for the feeding and watering each animal, except sucklings, for each of which the charges shall be ten cents for each taking up and five cents each for keeping per day. The marshal or impounder, for his services in enforcing the provisions herein relating to the impounding, keeping and selling of stock, shall receive only such compensation as the town council may from time to time allow. *Ib.*

"Sec. 144. The owner or possessor may at any time before the day of sale reclaim any and all stock by presenting to the marshal or impounder the receipt of the town treasurer showing that the provisions of the foregoing sections under this heading have been complied with." *Ib.*

The following was given as the law of the case at the instance of the plaintiff, towit: That a person living outside of the town limits having stock taken up under the ordinance has the right to the possession of same upon demand made within twenty-four hours, without paying any fee for impounding same, and that the act approved May 23, 1901, does not repeal section 1 of the act approved April 20, 1895.

The defendant asked the court to declare the law to be that, by virtue of the ordinance of the town of Benton introduced in evidence, the town had the right to take up the hogs sued for if the said hogs were found running at large within the town limits of said town, and impound them, and charge a fee for impounding them, and that before the owner could take said hogs out of pound he must pay the cost incurred by reason of said impounding, and that, unless the evidence shows that plaintiff paid said cost before the commencement of this action, then he can not recover. The court refused to declare the law as asked by

defendant. Judgment was for plaintiff, from which defendant has appealed.

*W. R. Donham* and *D. M. Cloud,* for appellant.

The act of May 23, 1901 (Kirby's Digest, § 5450), repeals the act of April 20, 1895 (Kirby's Dig. § 5451).

*J. W. Westbrook,* for appellee.

That Kirby's Digest, § 5451, is not repealed, see 80 S. W. 883. Repeals by implication are not favored. 26 Am. & Eng. Enc. Law (2 Ed.), 721; 23 Ark. 317, 325; 29 Ark. 225, 227; 34 Ark. 499.

WOOD, J. The only question presented by this record is, does the act of May 23, 1901 (Kirby's Digest, § 5450), repeal the act of April 20, 1895 (Kirby's Digest, § 5451), with reference to the impounding of stock in cities and towns?

The act of 1901 does not expressly repeal the act of 1895, and there is no repeal by necessary implication; for the two acts may stand together. There is no irreconcilable conflict between them. Th act of 1901 expressly confers upon cities and towns power to prevent the running at large of the animals designated within their corporate limits, and prescribed impounding, in general, as a method which they are authorized to adopt in order to carry out the purpose of preventing such animals from running at large. But in this act the Legislature does not undertake to prescribe the manner of such impounding. That had already been done by the act of 1895.

The Legislature of 1901 did not take up the whole subject-matter; for, if so, it is hardly probable that they would, in such general terms, have repealed the former law. The Legislature must be presumed to have known the prior statute, and to have enacted with reference thereto. This being true, it is hardly probable, since they did not expressly repeal the prior law, that they intended to do so, and the language used does not have that effect. Repeals by implication are not favored. There must be repugnance, or it must be clear that the whole subject-matter of the prior law is covered by the last enactment. *Pratt v. Dudley,* 73 Ark. 536; 26 Am. & Eng. Enc. Law, p. 721; *English v. Oliver,* 28 Ark. 317; *McPherson v. State,* 29 Ark. 225.

The statutes, construed together, present the complete system for impounding the animals named. The last statute in express terms confers the power of impounding, and the prior limits and prescribes the exact manner of its exercise. It follows that the court did not err, under the facts of this case, in giving the instruction asked for by the plaintiff and in refusing the prayer of appellant. There was no question raised in the case as to the right of the town to collect the expense in the taking care of the animals. The town was proceeding under an ordinance in conflict with sec. 5451, and it must fail.

Affirmed.