CONNELLY v. LAWHON.

Opinion delivered January 27, 1930.

*E. R. Parham,* for appellant.

*Robinson, House & Moses* and *Dillon & Robinson,* for appellee.

Mehaffy, J. The city of North Little Rock, wishing to have repairs made on its streets, through its city council, instructed Harvey Brown, who was chairman of the street committee, to make investigation, and secure estimates and bids for doing the work.

P. F. Connelly submitted his bid to Harvey Brown, and it was reported to the council, and the city council referred the matter to the street and finance committee with power to act. Connelly was directed by the mayor to commence work, and the work was done and completed under the direction and supervision of the mayor and street committee of North Little Rock.

After the completion of the work, the city, by ordinance, authorized the payment to Connelly of $8,960.16 for the work which had been accepted by the city. The mayor vetoed the ordinance, and the council passed same over his veto. The mayor of the city of North Little Rock then resigned, and, as a citizen and taxpayer, brought this action, asking for an injunction to prevent the officers of the city from paying the amount alleged to be due Connelly.

The city of North Little Rock, through its attorney, filed a demurrer to the complaint, which was overruled by the court. Connelly filed an intervention, alleging that he had entered into an agreement with the city of North Little Rock, through its duly authorized agents, to furnish it with patching, material and labor to do certain street work contemplated by the city of North Little Rock. He denied that the contract was void, as alleged in plaintiff's complaint, and denied that it was entered into with Harvey Brown as an individual member of the city council. He stated that he had in all things performed the agreement; that the work and labor was approved and accepted by the city of North Little Rock, and it was indebted to him in the sum of $8,960.16. He alleged that

the city council, by ordinance, had authorized the payment; that the ordinance was vetoed by the mayor, and later passed over his veto. He filed a substituted intervention, alleging, in addition to the facts in his former intervention, that at the time of the execution of the contract Ross L. Lawhon, the plaintiff, was the mayor of North Little Rock; that he entered into the agreement with the city of North Little Rock by submitting his bid and schedule of prices to Brown, a member of the city council of North Little Rock, who had, by proper resolution of the council, been empowered to solicit the bid for furnishing material and labor to do the street work for the city; that the bid was accepted by the council, and he was directed to perform the work and furnish the materials set out in his offer; that he was directed by the plaintiff to commence the work, and that the work was done under the supervision and inspection of the plaintiff, Ross L. Lawhon, who was the mayor of the city of North Little Rock, a street commissioner and a member of the board of the city of North Little Rock; that the material, work and labor were approved and accepted by the city, and that it was indebted to him in the sum of $8,960.16.

He alleged that the city of North Little Rock and Ross L. Lawhon were estopped from pleading the invalidity of the contract, and that the action was not instituted in good faith. He also alleged in his intervention that Pulaski County had contributed $1,000 and the Missouri Pacific Railway Company $350.

Plaintiff then filed an amendment to his complaint, and filed a demurrer to the intervention of Connelly. The court sustained the demurrer of plaintiff to the intervention of Connelly, and Connelly prosecutes this appeal.

The appellee first contends that the contract is void, and, among other things, relies on § 7715 of Crawford & Moses' Digest, which reads as follows: ''The board shall have the exclusive power to make purchases of all sup-

plies, apparatus, materials and other things requisite for public purposes in such city, and to make all necessary contracts for work or labor to be done, or material or other necessary things to be furnished for the benefit of such city, or in carrying out any work or undertaking of a public nature therein; but where the amount of expenditure involved therein may exceed three hundred dollars, said board shall transmit to the city council an estimate thereof, and an ordinance authorizing such expenditure, with their recommendation in relation thereto, and, upon the passage of such ordinance, it shall be the duty of said board to advertise and let the work or contract to the lowest responsible bidder."

Section 7715 of Crawford & Moses' Digest, above set out, is a part of section one of the act of March 21, 1885. One paragraph of § 3 of the same act reads as follows, referring to the additional powers conferred upon cities of first class:

"Second, to alter or change the width or extent of streets, sidewalks, alleys, avenues, parks, wharves and other public grounds, and to vacate or lease out such portions thereof as may not for the time being be required for corporate purposes, and where lands have been or may be acquired or donated to such city for any object or purpose which has become impossible or impracticable, the same may be used or devoted for other public or corporate purposes or sold by the city council, and the proceeds applied therefor."

The section of the act last quoted is a part of § 7684 of Crawford & Moses' Digest. Section 7607 of Crawford & Moses' Digest reads as follows: "The city council shall have the care, supervision and control of all the public highways, bridges, streets, alleys, public squares and commons within the city; and shall cause the same to be kept open and in repair, and free from nuisance."

The last section quoted is a part of the act of March 9, 1875. Unless the act of 1875 was repealed by the act of 1885, the board of public affairs would have nothing

to do with contracts of the kind involved here. And it is not expressly repealed, and we do not think it is repealed by implication, because there is no necessary conflict between it and the act of 1885. The act of 1885 provides that the board of public affairs shall have exclusive power to make purchases of all supplies, apparatus, materials and other things requisite for public purposes in such city, and to make all necessary contracts for work and labor to be done or material or other necessary things to be furnished for the benefit of the city, or in carrying out any work or undertaking of the public nature therein. Nothing in the part of the section just quoted refers to streets, but it refers to purchases and contracts made for labor and material. And, after the word "therein" above quoted, there is a semi-colon, and the rest of the section reads as follows: "But where the amount of the expenditure involved therein may exceed three hundred dollars, said board shall transmit to the city council an estimate thereof, and an ordinance authorizing such expenditure, with their recommendation in relation thereto, and, upon the passage of such ordinance, it shall be the duty of said board to advertise and let the work or contract to the lowest responsible bidder."

Section 7568 of Crawford & Moses' Digest confers authority on the city council with reference to streets, and, among other things, gives them the power to improve, keep in order and repair them.

It has been uniformly held by this court that the repeal of a statute by implication is not favored.

"In a recent decision we undertook to cover this subject in the following statement: 'It is a principle of universal recognition that the repeal of a law merely by implication is not favored, and that the repeal will not be allowed unless the implication is clear and irresistible, but there are two familiar rules or classifications applicable in determining whether or not there has been such repeal. One is that, where the provisions of two statutes are in irreconcilable conflict with each other, there is an

implied repeal by the later one, which governs the subject, so far as relates to the conflicting provisions, and to that extent only. * * * The other is that a repeal by implication is accomplished where the Legislature takes up the whole subject anew, and covers the entire ground of the subject matter of a former statute, and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new.' '' *England* v. *State Highway Commission*, 177 Ark. 157, 6 S. W. (2d) 23; *Cordell* v. *Kent*, 174 Ark. 503, 295 S. W. 404; *Ouachita County* v. *Stone*, 173 Ark. 1004, 293 S. W. 1021; *State* v. *White*, 170 Ark. 880, 281 S. W. 678.

There appears to be no necessary conflict between the acts of 1875 and 1885, and there is, therefore, no repeal of the act of 1875 by implication.

Another rule of construction well established is that all the new legislation must be construed with reference to existing legislation on the same subject. The act of 1875 especially mentioned the repair and improvement of streets, and provided that the city council should have power to lay off, open, widen, straighten and establish; to improve and keep in order and repair, etc. Section 7568, Crawford & Moses' Digest. And § 7607 of Crawford & Moses' Digest expressly gave to the city council the care, supervision and control of all public highways, bridges, streets, etc., and provided that the city council should cause the same to be kept open and in repair.

Section 7715, a part of the act of 1885, does not mention streets, but it provides for letting contracts, and we think the contract mentioned in the act of 1885 are contracts other than those for the improvement and repair of streets.

Our conclusion is that the city council had the authority to make the contract involved in this suit. The chancery court therefore erred in sustaining the demurrer to Connelly's intervention.

The decree of the chancery court is reversed, and the cause remanded, with directions to overrule the demur-

rer, and to take such further proceedings as necessary to dispose of the case, not inconsistent with this opinion.