BOONE COUNTY BOARD OF EDUCATION *v.* TAYLOR.

4—2607

Opinion delivered May 30, 1932.

*Shinn & Henley* and *V. D. Willis,* for appellant.

*M. A. Hathcoat,* for appellee.

HART, C. J. Appellants prosecute this appeal to reverse a decree of the chancery court sustaining a demurrer to their complaint, and, upon their electing to stand upon their complaint, dismissing it for want of equity.

According to the allegations of the complaint, on the first day of September, 1931, the People's Savings Bank, of Boone County, Arkansas, became insolvent and was taken charge of by the State Banking Department for liquidation under the statute. At that time there was on deposit in said bank $42,697.53 belonging to the various school districts of Boone County. Prior to March, 1931, the People's Savings Bank had been designated by the Boone County court as a depository, and W. W. Wilson, treasurer of Boone County, Arkansas, and the Boone County Board of Education had been depositing the school funds in said bank. On the first day of August, 1931, W. W. Wilson, as said treasurer, and said board of education demanded said bank to conform to act 160, passed by the Legislature of 1931, with reference to securing said school money by the deposit of bonds as provided for in that act. Said bank was unable to comply with the act by the deposit of bonds, and orally agreed with appellants that the school funds at that time on deposit in said bank should remain as a preferred deposit, and that, in case of the insolvency of said bank, any and all school funds would be paid in full in preference to other claims.

The Legislature of 1927 passed an act amending the original act passed by the Legislature of 1913 for the liquidation and control of banks. Acts of 1927, p. 297. The purpose of the act of the Legislature of 1927, just referred to, was to define the relation between creditors of banks in charge of the State Bank Commissioner and to set out how they should be settled with if the banks

were liquidated as insolvent banks. *Taylor* v. *Dierks Lumber & Coal Company,* 183 Ark. 937, 39 S. W. ('2d) 724.

The court has also held that the deposit of funds of an improvement district in a bank, although the funds are known to be a trust fund in the hands of the official depositing them, constitute a general deposit in the absence of a written agreement making them a special deposit, as required by said act of 1927. Hence the improvement district stood upon the same footing as other general creditors, and was entitled to no preference or priority of payment. *Taylor* v. *Street Improvement District No. 343,* 183 Ark. 524, 37 S. W. (2d) 84.

It is conceded that the principles of law there announced would control in the present case but for the passage of act 169 by the Legislature of 1931. Acts of 1931, p. 476. This was an act to provide for the organization and administration of the public common schools. It is very comprehensive in its nature and contains 198 sections. Section 74 reads as follows: "Deposit of school funds safeguarded. All general deposits of school funds in banks shall be secured by bonds of the United States, or bonds of the State of Arkansas, or by bonds of a political subdivision thereof, which has never defaulted on any of its obligations, in an amount at least equal to the amount of such deposit, or by a bond executed by a surety company authorized to do business in the State of Arkansas; such surety on such bond to be approved by the commissioner of education. Provided that, if the bank selected by the school board as a depository of its funds shall be unable to secure such school deposit as herein set out, it shall be authorized to accept said funds as a preferred deposit, and, in the event of insolvency, such preferred deposit shall be paid in full before other bank deposits are paid."

The particular part of the section which it is claimed governs the present case is the proviso. According to the allegations of the complaint, the first part of the section was not complied with, but it is claimed that the concluding part of the section contained in the proviso controls

in the instant case. Under the allegations of the complaint, which are accepted as true on demurrer, there was an oral agreement between the county board of education and the county treasurer, on the one hand, and the bank, on the other, that the school funds should be accepted as a preferred deposit and, in the event of insolvency, should be paid in full before other deposits are paid. It is contended that this repeals the act of 1927 above referred to, providing that special deposits, in order to obtain priority, should be created in writing.

We do not agree with counsel in this contention. The two acts of the Legislature are related to each other, and a statute is not to be construed as though it stood alone on any particular subject. It is well settled that repeals by implication are not favored; and, in construing any statute, the court should place it beside other statutes relevant to the subject and give it a meaning and effect derived from the combined whole. Where the harmony of the law requires, one statute may be construed as lengthening out another. So the act of 1931 was passed with reference to the general law upon the subject of winding up insolvent banks and fixing the liabilities and preferences of creditors to each other. Both acts, being related to each other, should be construed together as a part of an entire law of which both are a part. *State* v. *Sewell,* 45 Ark. 387; *Benton* v. *Willis,* 76 Ark. 443, 88 S. W. 1000; *McIntosh* v. *Little Rock,* 159 Ark. 607, 252 S. W. 605; and *Connelly* v. *Lawhon,* 180 Ark. 964, 23 S. W. (2d) 990.

Applying this principle of law to the case at bar, we think the Legislature of 1931, when it provided in the proviso of the section under consideration that a bank should be authorized to accept school funds as a preferred deposit under certain contingencies, meant to use the words in the sense defined by the Legislature of 1927, and meant that, in order for the bank to accept school money as a preferred deposit, the agreement must be in writing, in compliance with act 107, passed by the Legislature of 1927, as construed by this court in the cases above cited.

In this way the two statutes would be read and considered together, and construed as a harmonious whole.

Having reached this conclusion, it does not become necessary for us to consider the other question presented and argued by counsel.

The result of our views is that the decree of the chancery court was correct, and it will be affirmed.