TAYLOR *v.* GREGORY SPECIAL SCHOOL DISTRICT.

4-2933

Opinion delivered March 27, 1933.

*W. J. Dungan,* for appellant.

*Thomas Fitzhugh,* for appellee.

Butler, J. The Gregory Special School District filed its complaint in the Woodruff Chancery Court against Walter E. Taylor, State Bank Commissioner, in charge of the Bank of Augusta & Trust Company, an insolvent bank, to have its claim adjudged as a preferred claim; the contention being that it became such by virtue of § 74 of act 169 of the Acts of 1931. The facts were

agreed to, and a statement of the same filed with the court as follows:

The president of the school district presented a school warrant to the bank on October 6, 1931, for $1,000 and obtained a check therefor drawn on the Memphis correspondent of the bank for the sum of $1,000, payable to Channer Securities Company. The bank presented the school warrant to the county treasurer and obtained a county treasurer's check for $1,000, drawn on the bank as subdepository of county funds, and said bank charged the treasurer's check to the account of the treasurer in the bank. The bank closed its doors as insolvent on the 7th day of October, 1931, and its assets were taken over by Walter E. Taylor, State Bank Commissioner. Because of the insolvency of the bank the cashier's check was not paid and had not yet been paid. The bank had its funds with its Memphis correspondent to pay the cashier's check when issued and when the bank closed its doors. The transaction did not add to the assets of the bank nor lessen its liabilities, but resulted in shifting on the books the $1,000 item from the treasurer's account to the account of "Drafts Outstanding."

The Bank Commissioner filed an answer to the complaint, and a decree was entered in favor of the school district, from which decree the Bank Commissioner has prosecuted this appeal.

That part of § 74, act 169, *supra,* relied on by appellee to sustain the decree of the court below is as follows: * * * "Provided that if the bank selected by the school board as a depository of its funds shall be unable to secure such school deposits as herein set out, it shall be authorized to accept such funds as a preferred deposit, and, in the event of insolvency, such preferred deposit shall be paid before other bank deposits are paid." This act was construed in the case of *Boone County Board of Education* v. *Taylor,* 185 Ark. 869, 50 S. W. (2d) 241, contrary to the interpretation placed upon it by the court below, which case, we believe, and that of *Taylor* v. *Dermott Grocery & Com. Co.,* 185 Ark., p. 7, 45 S. W. (2d) 23, settle the instant case against appellee's contention and call for a reversal of the decree of the trial court.

In the last-named case the grocery company obtained from the debtor a check on an account with the Chicot Trust Company and obtained from the said trust company a cashier's check in lieu thereof which he sent to his company. Before it reached the bank for payment the trust company became insolvent and was taken over by the Bank Commissioner. In that case it was held that the cashier's check had no preference over that of the other creditors and was allowed as a common claim. In the first-named case act No. 169 of the General Assembly of 1931, relied on in the instant case, was construed, the contention made being the same there as is now made here. In that case it was held that the act, in so far as it related to dealings of a school district with a bank, should be read and construed with the State banking laws, act 107, Acts 1927, for that act and § 74 of act 169, Acts 1931, affected the same subject-matter, and we said:

"The two acts of the Legislature are related to each other, and a statute is not to be construed as though it stood alone on any particular subject. It is well settled that repeals by implication are not favored; and, in construing any statute, the court should place it beside other statutes relevant to the subject and give it a meaning and effect derived from the combined whole. Where the harmony of the law requires, one statute may be construed as lengthening out another. So the act of 1931 was passed with reference to the general law upon the subject of winding up insolvent banks and fixing the liabilities and preferences of creditors to each other. Both acts, being related to each other, should be construed together as a part of an entire law of which both are a part. *State* v. *Sewell,* 45 Ark. 387; *Benton* v. *Willis,* 76 Ark. 443, 88 S. W. 1000; *McIntosh* v. *Little Rock,* 159 Ark. 607, 252 S. W. 605, and *Connelly* v. *Lawhon,* 180 Ark. 964, 23 S. W. (2d) 990. Applying this principle of law to the case at bar, we think the Legislature of 1931, when it provided in the proviso of the section under consideration that a bank should be authorized to accept school funds as a preferred deposit under certain contingencies, meant to use the words in the sense defined by the Legislature

of 1927, and meant that, in order for the bank to accept school money as a preferred deposit, the agreement must be in writing, in compliance with act No. 107, passed by the Legislature of 1927, as construed by this court in the cases above cited. In this way the two statutes would be read and considered together, and construed as a harmonious whole."

The chancellor erred in holding that the claim of the appellee school district was a preferred claim, and the decree will therefore be reversed, and the cause remanded with directions to allow the same as a common claim.