CHANDLER v. CHANDLER.

4-8100                                            200 S. W. 2nd 508

Opinion delivered March 17, 1947.

*Yingling & Yingling,* for appellant.

*Harry Neelly* and *P. A. Lasley,* for appellee.

GRIFFIN SMITH, Chief Justice. Ernest and Agnes Chandler lived together until 1938, following their marriage in 1930. Ernest was committed to a hospital, where after a period of treatment it was found that he was incurably insane. September 10, 1946, on the wife's complaint, (and following proceedings in respect of which regularity is not questioned) a decree of divorce was granted. Custody of the couple's twelve-year-old daughter was given Mrs. Chandler. A monthly sum of $50 was ordered paid from Chandler's estate for support of the child. Chandler owned a funeral home, operated jointly by himself and wife. Following the husband's insanity Mrs. Chandler continued the business as guardian, and seemingly intends to do so. The Court found she was entitled to a third of the defendant's personal property payable presently, including cash on hand. The order further directed that, upon termination of the guardianship, appraisers should be appointed to evaluate "said remaining personal property," a third of which should go to the plaintiff. An attorney's fee and costs were made charges against Chandler.

Jones and Joel Chandler, brothers of Ernest, filed interventions as next friends, alleging the Court was without jurisdiction to make the property order. Specifi-

cally, it was charged that Mrs. Chandler had paid herself $748.23, presumptively representing a third of the cash she held as guardian. Refund of this sum was demanded.

Act 428, which became a law April 1, 1943, without the Governor's approval, amends Sec. 4381 of Pope's Digest. The eighth section makes incurable insanity a ground for divorce in the circumstances contemplated. It is copied in the footnote.[1]

Appellants insist Section Eight is not, in fact, an amendment to existing statutes relating to divorce, but is a new law, complete in all respects, and independent of reenacted sections; hence, nothing can be read into it but what is expressed.

Act 428 is captioned, "An Act to amend Sec. 4381 of Pope's Digest. . . ." The title is not controlling; but where intention of the lawmakers is doubtful it may be looked to in order to ascertain what purpose was in mind. *Western Union Telegraph Co.* v. *State,* 82 Ark. 302, 101 S. W. 745. There are many other cases recognizing this rule. Further evidence of legislative intent to amend existing laws and to *add* insanity as a ground for divorce is seen in Sec. 1 of Act 428, where Act No. 20 of 1939— passed subsequent to publication of the Digest—is 'picked up" and referred to as an amendment to Sec. 4381, making the provisions, "as amended," to "read as follows." It should also be observed that Section Eight

[1] "In all cases where a husband and wife have lived separate and apart for three consecutive years, without cohabitation, by reason of the incurable insanity of one of them, the Court shall grant a decree of absolute divorce upon the petition of the sane spouse; provided the proof shows that the insane spouse has been confined in an institution for the care and treatment of the insane for three consecutive years; and provided that such proof be supported by the evidence of two reputable physicians, one of which shall be a staff member or the Superintendent of the institution wherein the insane spouse is confined, and one a regularly practicing physician in the community wherein such husband and wife reside. In all decrees granted under this subsection in actions in which the husband is plaintiff, the Court shall require the plaintiff to provide for the care and maintenance of the insane defendant as long as she may live, and the trial Court will retain jurisdiction of the parties and the cause, from term to term, for the purpose of making such further order as equity may require to enforce the provisions of the decree requiring plaintiff to furnish funds for such care and maintenance."

reads in part, "In all decrees granted under this subdivision."

By Act 88 of 1873, pp. 213-222, permanent and incurable insanity occurring subsequent to marriage was the seventh ground for divorce. Other causes appeared in the Act substantially as they are now printed in Pope's Digest. By Act 62 of 1895, p. 76, the seventh subdivision of Sec. 2505 of Sandels & Hill's Digest was repealed, leaving other statutory divorce grounds intact. This was the situation until 1943, when the Act now in question became effective; but this did not occur until the General Assembly of 1939 had added Act 20; hence the provision of Act 428 of 1943 shown in the first footnote to this opinion necessarily became a new cause, but one fitted into and made a part of existing laws, just as Act 88 of 1873 (being "An Act to amend the code of practice in civil cases") set up the seven causes heretofore mentioned, in the sequence there shown; and just as Act 62 of 1895, without disturbing other applicable laws, took away the seventh ground as it then existed.

*White* v. *White*, 196 Ark. 29, 116 S. W. 2d 616, deals with Act 167 of 1937. The Act added to Sec. 3500 of Crawford & Moses' Digest, by way of amendment, a provision that courts of chancery should grant a divorce to either party upon proof that husband and wife had lived apart for three consecutive years with cohabitation.[2] In the White case it was held that no changes had been made in Sec. 3500 of the Digest, other than the added provision. It was then said that the new matter was "an amendment to the original law." See also *State* v. *Sewell*, 45 Ark. 387. The language of Chief Justice COCKRILL is impressive. "The statute," said he, "is not to be construed as though it stood alone on the subject. 'A statute is a fresh drop added to the yielding mass of the prior law to be mingled by interpretation with it.'"

---

[2] When Act 167 was held ineffective to accomplish the purposes those interested in the measure had in mind, the succeeding General Assembly (1939) passed Act 20, now the seventh subdivision of Act 428 of 1943. However, the 1937 enactment appears in Pope's Digest, p. 1270.

So, in the case at bar, the eighth ground appears in the statute free of any express or implied purpose to have it construed other than as the enacting clause says: an amendment. Treated as such it takes its place with the whole.

• Our conclusion is that the so-called "Eighth Ground" was subjoined to the preceding causes with no thought. that it would be regarded as independent, self-sufficient, and free from the incidents attaching to decrees based upon prior law.

Affirmed.