The Honorable Cecil A. Tedder Circuit Judge Wilbur D. Mills Courts Building Searcy, AR 72143
Dear Judge Tedder:
This is in response to your request for an opinion on two questions involving the annual budget of the Adult Probation Department and claims against this budget. The issues raised in your correspondence are restated in question form as follows:
 1. Must the Probation Department submit its proposed annual budget to the Quorum Court for review and approval?
 2. Must the Probation Department submit affidavits for claims against an approved budget (for operating expenses, etc.) to the County Clerk and the County Judge before payment of the claims can be made?
It is my opinion that the answer to your first question is "no."
Although we are aware of no judicial authority directly on point, the Arkansas Supreme Court's decision in the case of Venhaus v. State, 285 Ark. 23, 684 S.W.2d 252 (1985) should be initially considered in this regard. The Court was faced in that case with questions surrounding circuit court probation officers. County officials argued that they should not be directed to pay probation officers' salaries as set by the circuit judge because the authority to set the salaries of circuit court employees resides in the quorum court, pursuant to Amendment 55 to the Constitution of Arkansas. The Court rules that this argument was "without merit," since "(t)raditionally quorum courts have been held to have jurisdiction only over local matters, and a circuit court and its employees are not a local matter." Venhaus v. State,285 Ark. at 25 (citation omitted). The Court stated: "(Amendment 55) provides that the quorum court may exercise only `local legislative authority.' Section 1(a). In addition, our earlier cases have set out additional reasons the quorum court is without discretion to set the expenses of state courts." Id. After reviewing several of its prior decisions, the Court ultimately concluded that "(t)he quorum court is without discretion to establish the amount of the salaries of circuit court employees."285 Ark. at 27.
The current statutory scheme with regard to probation officers must also be considered. Under A.C.A. 12-48-103(a) the Arkansas Adult Probation Commission ("Commission") has the power and duty to ". . . establish minimum standards for case loads, programs, facilities, and equipment and other aspects of the operation of a probation office necessary for the provision of adequate and effective probation services." The Commission must require each probation office's maintenance of "such financial and statistical records as the commission deems necessary." A.C.A. 12-48-103(d). The Commission determines the fees to be paid by probationers and it "may inspect and evaluate any probation office and conduct audits of financial records at any reasonable time to determine compliance with the commission's rules, regulations, or standards." A.C.A. 12-48-103(e)(1) and (g).
It thus appears that the legislature has expressed its intent for the operation of probation offices to be within the regulatory ambit of the Arkansas Adult Probation Commission. A review of the legislative scheme indicates that this includes financial matters which would, presumably, encompass annual budget review and approval.
It may therefore reasonably be concluded that a probation department's annual budget does not fall within the "local matters" over which the quorum court exercises jurisdiction. The statutory scheme, particularly when reviewed in light of Venhaus v. State, supports this conclusion.
With regard to your second question, it is my opinion that procedures currently applicable to claims against a county will apply in this instance to all such claims for payment from county treasury funds.
In construing legislative enactments, it is presumed that the legislature had knowledge of existing statutes. Town of Benton v. Willis, 76 Ark. 443, 88 S.W. 1000 (1905); Bolden v. Watt, 290 Ark. 343,710 S.W.2d 428 (1986). Thus, in providing for the deposit of probation fees in the county treasury under A.C.A.12-48-103(e)(1), the legislature is presumed to have knowledge of existing county claims procedures. It is significant to note in this regard that the county treasurer has a duty to pay and disburse county treasury moneys either on warrants drawn by order of the county court (A.C.A. 14-15-805) or on checks presented by the county clerk (A.C.A. 14-24-204). In either case, the claim(s) must be presented, duly verified, to the county court. See A.C.A.14-23-101, et seq. The fact that the Arkansas Adult Probation Commission approves the probation offices' budgets does not, in my opinion, negate the applicability of these claims procedures. Legislative intent to this effect would have to be more clearly expressed for us to reach such a conclusion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.