Dr. Ralph Ungerank, Acting President Arkansas State Board of Chiropractic 101 E. Capitol, Ste. 209 Little Rock, AR 72201
Dear Dr. Ungerank:
You have requested an Attorney General opinion concerning chiropractic aides.
You have asked:
 Are chiropractic aides who are assisting under the direct supervision of a licensed chiropractic physician subject to the licensure requirements of Act 1071 of 1999?
It is my opinion that chiropractic aides who are assisting in the practice of chiropractic under the direct supervision of a licensed chiropractic physician are not subject to the licensure requirements ofAct 1071 of 1999.
Act 1071 of 1999 (the "Consumer-Patient Radiation Health and Safety Act"), which is codified at A.C.A. § 17-106-101 et seq., prohibits the use, without a license, of "radioactive material or medical equipment emitting or detecting ionizing radiation on human beings."
The practice of chiropractic involves the activities that are governed by the Consumer-Patient Radiation Health and Safety Act. The Arkansas Chiropractic Practices Act (A.C.A. § 17-81-101 et seq.) defines the "practice of chiropractic" (in pertinent part) as "the engagement for compensation in the diagnosis and analysis of any interference with normal nerve transmission and expression[.]" A.C.A. § 17-81-102(3)(A). The term "analysis," as used in the foregoing definition, is in turn defined to include "the use of X ray and other analytical instruments." A.C.A. § 17-81-102(4). Thus, chiropractors do engage in the activities that are governed by the Consumer-Patient Radiation Health and Safety Act; however, chiropractors are exempted from the licensure requirements of the Act. A.C.A. § 17-106-111(c), -103(8).
"Chiropractic aides" also engage in the activities that are governed by the Consumer-Patient Radiation Health and Safety Act. A "chiropractic aide" is defined in the Arkansas Chiropractic Practices Act as "an unlicensed member of the chiropractic team who may assist a chiropractic physician in the performance of those procedures and techniques constituting the practice of chiropractic[.]" A.C.A. § 17-81-102(6). Thus, chiropractic aides do make use of X ray and other analytical instruments that are governed by the Consumer-Patient Radiation Health and Safety Act. However, chiropractic aides are not explicitly exempted from the licensure requirements of the Act. Nevertheless, it is my opinion that chiropractic aides are not subject to those requirements. I base this conclusion on the following provision from the Consumer-Patient Radiation Health and Safety Act: "Nothing in the provisions of this chapter relating to radiologic technology shall limit, enlarge, or affect the practice of licensed practitioners herein defined." A.C.A. §17-106-111(c). The term "licensed practitioners," as used in the foregoing provision, is defined in the Act as follows: "[A] person licensed to practice medicine, dentistry, podiatry, chiropractic, or osteopathy in this state[.]" A.C.A. § 17-106-103(8) (emphasis added).
It is my opinion that because the Arkansas Chiropractic Practices Act (which permits chiropractic aides to make use of X ray and other analytical instruments while assisting a licensed chiropractor) was enacted prior to the enactment of the Consumer-Patient Radiation Health and Safety Act,[1] it follows that Section 111(c) of the Consumer-Patient Radiation Health and Safety Act was intended to apply to the practices that are permitted under the Arkansas Chiropractic Practices Act. That is, I believe that the Consumer-Patient Radiation Health and Safety Act was not intended to limit or affect the existing practice of allowing chiropractic aides to use X ray and other analytical instruments while assisting a licensed chiropractor.
The legislature is presumed to have enacted any given law with an awareness of the existence of other laws in effect at the time of enactment addressing the same subject. Jones Truck Lines v. AFCO Steel,849 F. Supp. 1296 (E.D.Ark. 1994). Young v. Energy Transp. Systems Inc.of Ark., 278 Ark. 146, 644 S.W.2d 266 (1983); Town of Benton v. Willis,76 Ark. 443, 88 S.W. 1000 (1905). Thus, when the legislature indicated in 1999 that it did not intend for the Consumer-Patient Radiation Health and Safety Act to limit or affect the practice of licensed practitioners, it was fully aware that under the existing law governing chiropractors, the practice of chiropractic allowed chiropractic aides to make use of X ray and other analytical instruments in assisting licensed chiropractors. Accordingly, I conclude that the Consumer-Patient Radiation Health and Safety Act was not intended to limit or affect that practice. Therefore, it is my opinion that chiropractic aides are not subject to the licensure requirement of the Consumer-Patient Radiation Health and Safety Act, provided that they are assisting a licensed chiropractor in the practice of chiropractic.
I am aware that the Consumer-Patient Radiation Health and Safety Act does explicitly exempt certain persons from its licensure requirements. A.C.A. § 17-106-111. I do not view this fact as an indication that if the legislature had intended to exempt chiropractic aides from its provisions it could have done so. Rather, I note that the explicit exemptions apply to individuals who typically engage in the activities that are governed by the Act independently of supervision by a licensed practitioner. I interpret the broader statement of Section 111(c) to provide the necessary exemption for chiropractic aides.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The Arkansas Chiropractic Practices Act was originally enacted in 1971 by Act No. 706. The Consumer-Patient Radiation health and Safety Act was enacted in 1999 by Act No. 1071.