The Honorable Bob Johnson, Speaker of the House 83rd General Assembly P.O. Box 1077 Morrilton, AR 72110-1077
Dear Speaker Johnson:
You have requested an Attorney General opinion concerning a school annexation.
You have attached a copy of a document that appears to be the Records and Proceedings of a special meeting of the Conway County Board of Education on August 22, 1974. You have directed my attention to the third paragraph of this document, which reflects action taken during the meeting to approve an annexation of part of the Conway County School District No. 1 to the Wonderview School District No. 2. According to this paragraph of the document, the board considered petitions and requests for this annexation and voted to approve it. More specifically, the paragraph in question states in full:
 The first order of business was the consideration of Petitions and requests to annex the North West Part or area of Conway County School District No. 1 known as the Jerusalem and Center Communities to Wonderview School District No. 2. After the Petitions and Requests were read and discussed Mr. Fred Burnett made a motion to comply with the requests by annexing the North West part of the Conway County School District No. 1 to and make it a part of Wonderview School District No. 2. The motions was seconded by James E. Leach. The Chairman called for a vote and the motion passed by a unanimous vote.
Records and Proceedings of a meeting of the Conway County Board of Education held on August 22, 1974, 3rd Paragraph.
Regarding this situation, you have asked:
 Can this document be considered a consolidation agreement as referred to in Act 1078 of 1999, Section 29?
It is my opinion that the document in question does not constitute a consolidation agreement within the meaning of Act 1078 of 1999, Section 29.
Section 29 of Act 1078 of 1999 is codified at A.C.A. § 6-13-634, and states:
 (a) As of July 1, 2000, all school districts shall have a board of directors with no fewer than five (5) and no more than seven (7) members, or no more than nine (9) members in the case of a school district having an average daily attendance of twenty-four thousand (24,000) or more.
 (b) Subsection (a) of this section shall not apply to those school districts which have a board of directors of more than seven (7) members, or no more than nine (9) members in the case of a school district having an average daily attendance of twenty-four thousand (24,000) or more, if that school district is operating under a court order or a consolidation agreement that provides for a board of directors.
A.C.A. § 6-13-634.
The document to which your question refers may, in fact, embody and reflect an agreement between the two school districts that were affected by that agreement, but if it does so, the agreement that it reflects between the two districts was an agreement to annex one to the other. It was not an agreement to consolidate the two and form a new district.
The statutes that govern school consolidations and annexations define the two terms as follows:
 "Consolidation" means the joining of two (2) or more school districts or territories from two (2) or more school districts to create a new single school district[.]
A.C.A. § 6-13-1201(3).
 "Annexation" means the joining of a school district or territory of a school district with a receiving district[.]
A.C.A. § 6-13-1201(2).
Under the foregoing statutory definitions, consolidations and annexations are clearly distinct from one another. Although Act 1078 of 1999 does not define the term "consolidation," as used therein, it contains no indication of any intent to use the terms in any way other than as it is defined in the statutes governing school consolidations. Moreover, the legislature is presumed to have been aware of the existence of this statutory definition at the time it enacted Act 1078. See Jones TruckLines v. AFCO Steel, 849 F. Supp. 1296 (E.D.Ark. 1994); Town of Bentonv. Willis, 76 Ark. 443, 88 S.W. 1000 (1905).
Even if Act 1078's reference to "consolidation" is interpreted broadly enough to encompass both consolidations and annexations, it must be noted that the reference contains a further condition — a term providing for a board of directors. The full reference states that the requirements of Section 29(a) concerning the number of school board directors will not apply to school districts "operating under a court order or a consolidation agreement that provides for a board of directors." (Emphasis added.) The document to which you have referred contains no reference or provision at all for a board of directors. Therefore, even if it were deemed to constitute a "consolidation agreement" for purposes of Act 1078, it nevertheless would not meet the other condition stated by the Act. That is, it does not provide for a board of directors.
I am aware that further documentation indicates that at a later meeting of the Conway County Board of Education (held on December 17, 1974 — four months after the meeting at which the Board approved the annexation), the Board approved an increase in the number of school directors for the Wonderview School District No. 2 from six to eight. However, this later action of the Board cannot be said to constitute a provision of the agreement for annexation, as that agreement is reflected in the document about which you have inquired.
I must note that an agreement may have existed (and may be reflected in documents that I have not seen) under which provision was made for a board of directors. However, you have asked about a particular document, and no such provision is reflected in that document. If such an agreement can be established through evidence other than the document that you have provided to me and about which you have inquired, the agreement may constitute the type of agreement referenced in Act 1078. But the document that you have provided to me and about which you have inquired reflects no such agreement.
Finally, I note the practical effect of my interpretation of this matter. If the annexation agreement is not deemed to constitute a "consolidation agreement" within the meaning of Section 29 of Act 1078 of 1999 [i.e., A.C.A. § 6-13-634(b)], the board will not be excepted from the provisions of A.C.A. § 6-13-634(a), which requires a certain number of board members depending upon the school's average daily attendance. It should also be noted that if the board is operating with an even number of board members, it may be in violation of A.C.A. § 6-13-1205, which states: "The establishment of a board of directors with an even number of members following annexation or consolidation is hereby prohibited."
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh