The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, AR 72160-5713
Dear Senator Smith:
I am writing in response to your request for my opinion regarding the appropriate size of the board of a joint city-county library. You have described the situation as follows:
 The Library in Stuttgart needs to have a clarification concerning Arkansas Code 13-2-502, that concerns the composition of a joint city-county library.
 A city library board shall appoint not fewer than five (5) trustees, nor more than seven (7) trustees for the library. A county library board shall not appoint more than five (5) trustees (Arkansas Code 14-14-705).
 Arkansas Code 13-2-508 notes that any joint city-county library, which has been established and operated, shall be a public city library for all intents and purposes. This would limit the library board to seven (7) members as noted by Section (e) of Arkansas Code 13-2-508. According to this, the library would be a public city library and come under that part of the act.
 In light of these three (3) statements Arkansas Code 13-2-508, 13-2-502, and 14-14-705 the total number of persons on a board could be 7, 10, or 12. At this time, the board is waiting to see what number the board would or should be legally entitled to for appointment to the city-county library board.
RESPONSE
In my opinion, the board should comprise no fewer than five and no more than seven members.
As you point out in your request, various statutes deal with the management of county and city libraries. Subsection 14-14-705(2)(E), which is referenced in your request, provides:
 An administrative board shall contain five (5) members. Provided, a county library board created after August 1, 1997, shall consist of not less than five (5) members nor more than seven (7) members and shall serve until their successors are appointed and qualified.
In my opinion, this statute, which deals with a county library board as distinct from the board of a joint city-county library, does not provide an answer to your question.
Two statutes address joint city-county library systems. Section 13-2-407
authorizes the formation by "contract, interlocal agreement, or other arrangement" of joint city-county and regional library systems. Subsection (a)(2) of the statute provides that the terms and conditions of the system shall be such "as may be agreed upon by the county library board, the county quorum court, and the board of trustees of the several municipalities with the final approval of the governing body of the cities." The statute says nothing about the size of the system's board of directors.
Section 13-2-508 of the Code provides in pertinent part:
 (d) The city board of trustees, with the consent of its governing body of the city, and the county library board, if it has been created, with the consent of the county quorum court, or any group of municipal public libraries, and any combination of them, may contract with each other or among themselves to create, maintain, and support a joint city-county public library system or regional public library system or may enter into an interlocal cooperation agreement among themselves to coordinate public library services among the different jurisdictions. Such a contract or interlocal agreement shall contain terms, agreements, and conditions as may be agreed upon by the city board of trustees, the county library board of trustees, the county quorum court, and the board of trustees of the several municipalities.
 (e) Any library or joint city-county library or other library system created under this section for coordination of library services when so established and operated shall be a public city library for all the intents and purposes of this subchapter and of Arkansas Constitution, Amendment 30.
Based on the information set forth in your request, I believe this statute clearly applies to the library at issue. The statute is perfectly straightforward in directing that the joint city-county library "shall be a public city library for all the intents and purposes of this subchapter." Subsection 13-2-502a) (1) of the Code provides:
 When any city council or governing body of a city of the first class has decided to establish and maintain a public library or has decided to provide library services to its citizens through participation in a library system under this subchapter, the mayor of the city with the approval of the city council shall appoint a board of not fewer than five (5) trustees nor more than seven (7) trustees for the library.
This statute is absolutely direct in mandating that the board of any "library system under this subchapter" — a category that includes both public city libraries and joint public city-county libraries — consist of not fewer than five and not more than seven members. I am not troubled by the fact that A.C.A. § 13-2-508 fails to specify the number of directors to be appointed to a joint city-county library board. As a general rule of statutory construction, when a particular statute fails to address an issue, it is appropriate to consult other statutes dealing with the same subject matter in order to determine legislative intent. See Schuman v.Metropolitan Trust Co., 199 Ark. 283, 134 S.W.2d 539 (1940) (in construing statutes, the court must ascertain the intention of the legislature and in so doing may take into consideration not only the entire act in question but other statutes on the subject); and BooneCounty Board of Education v. Taylor, 185 Ark. 869, 50 S.W.2d 241 (1932) (in construing any statute, court should place it beside other statutes relevant to the subject and give it meaning and effect derived from the combined whole). In the present case, the statute without contradiction sets the permissible number of directors at no fewer than five and no more than seven.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh