Steve G. Smith, Chairman Arkansas State Police Commission 1 State Police Plaza Drive Little Rock, AR 72209-4822
Dear Mr. Smith:
I am writing in response to your request for my opinion concerning the award of service weapons to retiring state police officers pursuant to A.C.A. § 12-8-214(a). Specifically, you request an opinion "on awarding service weapons to Arkansas State Police Troopers who voluntarily resign to take employment elsewhere, but have served long enough to be vested in the Arkansas State Police Retirement System." As further background for your question, you state:
 Historically, the Arkansas State Police Commission ["Commission"] has not awarded service weapons to those resignations that did not result in immediate collection of retirement benefits. A request has been placed before the [Commission] for the award of a service weapon to an individual that has voluntarily resigned, but is not receiving a retirement annuity and will not be eligible to receive a retirement annuity for several years. The Commission would like your opinion on whether or not they have discretion to award a service weapon in this circumstance.
RESPONSE
It is my opinion that the statute does not authorize the award of a service weapon in this circumstance.
The statute provides in full as follows:
 (a) When a Department of Arkansas State Police officer retires from service or dies while still employed with the department, in recognition of and appreciation for the service of the retiring or deceased officer, the Arkansas State Police Commission may award the pistol carried by the officer at the time of his or her death or retirement from service to:
 (1) The officer; or
 (2) The officer's spouse, if the spouse is eligible under applicable state and federal laws to possess a firearm.
 (b) When an officer retires from service, the officer may purchase the shotgun he or she used while on duty at the fair market value as determined by the commission.
A.C.A. § 12-8-214 (Repl. 2003) (emphasis added).
The answer to your question turns on the meaning of "retires from service" and "retirement from service." These phrases are not defined in the statute. We have the benefit, however, of general guidelines for determining their meaning in order to give effect to the intent of the legislature, recognizing that giving effect to legislative intent is the basic rule of statutory construction to which all other interpretive guides defer. SeeVanderpool v. Fidelity Cas. Ins. Co., 327 Ark. 407,939 S.W.2d 280 (1997).
In this regard, I believe it is especially helpful to note that a court will look not only to the statutory language in question, but will consult other statutes dealing with the same subject matter as a means of ascertaining legislative intent. Schuman v.Metropolitan Trust Co., 199 Ark. 283, 134 S.W.2d 539 (1940). More particularly, the court will place the statute beside other statutes relevant to the subject, and give it meaning and effect derived from the combined whole. Hercules Inc. v. Pledger,319 Ark. 702, 894 S.W.2d 576 (1995); Boone County Board of Educationv. Taylor, 185 Ark. 869, 50 S.W.2d 241 (1932).
Applying this principle, and recognizing that A.C.A. § 12-8-214
applies to an officer who "retires from service," I conclude that it is appropriate to consult the State Police Retirement System law in order to determine what the legislature meant when it authorized an officer who "retires from service" to be awarded the pistol that he or she carried "at the time of. . . retirement from service[.]" The following definition of the term "retirement" under that body of law is particularly relevant, in my opinion:
 `Retirement' means a member's withdrawal from the employ of the [Department of Arkansas State Police] with a pension payable from funds of the system[.]
A.C.A. § 24-6-201(16) (Supp. 2005).
The term "retirant" is defined, similarly, as "any member who retires with a pension payable from funds of the system." Id.
at (15).
It is clear from these definitions that a state police officer "retires" within the meaning of the law pertaining to the State Police Retirement System when he or she leaves employment with a pension benefit. It is also notable that the State Police Retirement System distinguishes a "retirant" from a "beneficiary," the latter being defined as "any person, except a retirant, who is in receipt of, or who is entitled to receive a pension or other benefit payable from funds of the . . . System"[.] Id. at (2).[1]
When A.C.A. § 12-8-214 is placed beside these definitions, consistent with rules of statutory construction, I believe it becomes evident that a state police officer who "retires from service" is one who receives a retirement pension at the time he or she terminates employment. The Commission therefore lacks discretion, in my opinion, to make an award of a service weapon in the circumstance you describe, which involves an individual who is vested in the System but who is not yet eligible to receive a retirement pension.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Voluntary retirement is available to members of the State Police Retirement System who have 20 or more years of credited service or who are age 50 and have 5 or more years of actual service. A.C.A. § 24-6-212(a)(1) (Supp. 2005). A member with 5 years or more of service who ceases employment before reaching age 50 and who does not withdraw accumulated contributions to the System is entitled to receive a pension upon reaching age 50.Id. at -214(b)(2). I assume that the latter provision applies to the individual in question, based upon your statement that this person "will not be eligible to receive a retirement annuity for several years."