The Honorable Roger L. Rorie State Representative P.O. Box 136 Fox, Arkansas 72051-0136
Dear Representative Rorie:
This is in response to your request for an opinion on four questions concerning law enforcement protection for the City of Fairfield Bay. Specifically, you indicate that prior to the incorporation of the City approximately two years ago, the City was an area known simply as "Fairfield Bay" which was considered a "planned community." The Fairfield Bay Community Club maintained a security force which was deputized by the sheriff of both Van Buren and Cleburne counties, pursuant to A.C.A. § 14-53-503 (1987). Thus, you note, protection was provided to the area through the security guards, who were also deputized by the sheriffs' departments during their service as security guards. Your four questions relative to these facts are as follows:
 1. Does the area of Fairfield Bay, now known as the City of Fairfield Bay, still fall within the definition of a planned community as defined in Arkansas Code Annotated § 14-15-503?
 2. If it is still considered a planned community under the definition, can there be two police forces, one the municipality's, and secondly the planned community's security force, that may be deputized legally serving the public in the same area?
 3. Can the planned community security guards be commissioned by the city, to also serve as policemen while on their duties as security guards and provide coverage for this area?
 4. If your opinion finds that two, or three, are applicable to the factual situation found at Fairfield Bay at the present time, does the immunity allowed by the State of Arkansas extend to the security guards, which have been deputized, or commissioned, by the city as law enforcement officers?
The statute you cite in your first question is set out in a subchapter which governs the general powers and duties of sheriffs. The particular statute you cite sets out the powers of deputy sheriffs. The statute provides as follows:
 (a) Every deputy sheriff appointed as provided by law shall possess all the powers of his principal and may perform any of the duties required by law to be performed by the sheriff.
 (b) Deputy sheriffs are authorized to make arrests for misdemeanor offenses and felony offenses and exercise all other powers as deputy sheriffs while in the course of their employment for planned community property owners' associations or suburban improvement districts.
 (c) Every deputy sheriff so appointed shall possess the minimum qualifications as provided by law.
 (d) Planned community property owners' associations shall purchase and maintain liability insurance to protect deputy sheriffs employed by such associations. Liability insurance coverage shall be in a principal amount of no less than fifty thousand dollars ($50,000) for each deputy sheriff employed by the association. [Emphasis added.]
This statute gives employees of "planned community property owners' associations" who are also deputy sheriffs all the powers of deputy sheriffs in the course of their employment with the association. The statute does not define the term "planned community property owners' associations." This term is defined in only one place in the Arkansas Code Annotated. Section 24-11-811, which governs the distribution of insurance premium tax moneys to aid in fire protection, includes such "planned community property owners' associations" in the distribution, and specifically defines them as follows:
 (a) As used in this section, `planned community property owners' association' means an incorporated nonprofit organization operating under recorded land agreements through which each lot owner in a planned unit or other described land area is automatically a member and each lot is automatically subject to a charge for a proportionate share of the expenses for the organization's activities, such as maintaining common properties, and which acts as the directing or governing body of a real estate development developed by a single developer, containing not less than five thousand (5,000) acres, which has been or is being developed under a comprehensive plan for a community containing streets and other public services, parks, and other recreational facilities for common use by the residents thereof; which has been subdivided into sufficient lots for residential use to accommodate a projected population of no fewer than one thousand (1,000) persons; which is not incorporated as a city or town; and for which a statement of record has been filed with the Secretary of Housing and Urban Development under the Interstate Land Sales Full Disclosure Act. [Emphasis added.]
It would appear, at least under this definition, that the "City of Fairfield Bay" would not qualify as a "planned community property owners' association" because it is incorporated as a city or town. The definition found at A.C.A. § 24-11-811 is of course not controlling as regards the issue presented by A.C.A. § 14-15-503 (relating to the powers of deputy sheriffs), but in my opinion the definition can be looked to by analogy in order to determine the legislature's intent in using the term. SeeSchuman v. Metropolitan Trust Co., 199 Ark. 283, 134 S.W.2d 539 (1940) (in construing statutes, the court must ascertain the intention of the legislature and in so doing may take into consideration not only the entire act in question but other statutes on the subject); and BooneCounty Board of Education v. Taylor, 185 Ark. 869, 50 S.W.2d 241 (1932) (in construing any statute, court should place it beside other statutes relevant to the subject and give it meaning and effect derived from the combined whole). It is my opinion therefore, that the City of Fairfield in all likelihood does not currently meet the definition of a "planned community property owners' association."
It appears that a negative answer to your first question renders an answer to your remaining questions unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh